[Crim. No. 5911.   Second Dist., Div. Two.   Nov. 20, 1957.]

THE PEOPLE, Respondent, v. THOMAS SOTO et al., Defendants; JOSEPH LAWRENCE FERNANDEZ, Appellant.

Gladys Towles Root, Eugene V. McPherson and Joseph A. Armstrong for Appellant.

Edmund G. Brown, Attorney General, and Herschel Elkins, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant Fernandez, aged 18, appeals from a conviction of forcible rape of a 14-year-old girl named Judy. He also appeals from an order denying his motion for new trial.

If guilty, appellant was a party to a fiendish sexual orgy in which some 15 to 18 young men, by apparent prearrangement, took Judy at night into a field of haystacks, and there gratified their lusts upon her person for a period of three or four hours. Fernandez and four codefendants were convicted.

Appellant claims that he did not attack Judy and was not present at the scene; that the evidence upon which he was convicted is not sufficient to support the verdict. It appears that he and Judy were acquainted prior to the series of attacks, that she identified him at the police station as one of her violators and that she testified at the trial that she recognized him as one who raped her. The boys had covered her eyes, first with their hands and then with her pedal pushers. But as she fought her assailants she pushed the hands and the pushers off and was able to see most of them though it was dark in the field. While in custody appellant signed a paper saying that he had gone to the haystack "and saw the girl on the haystack and a lot of guys around and I attacked her and left." ■ The prosecutrix' testimony does not require corroboration (22 Cal.Jur. § 43, p. 399; *People* v. *Frye,* 117 Cal.App.2d 101, 103 [255 P.2d 105]) and hence the evidence is sufficient with or without the aid of the so-called confession.

In addition to his own denial of guilt appellant produced considerable evidence which, upon the cold record, seems somewhat persuasive to the effect that he was not at the scene at all. ■ But it is not our function to weigh the evidence. "The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court

below. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellant contends that the statement given to the police was not voluntary. Officer Cook, to whom the writing was given after defendant signed it, testified it was made freely, voluntarily and without the making of promises or threats of any kind. The fact, if it be one, that the confession (the attorney general says it was an admission, not a confession) was made during a period of unlawful delay in taking him before a magistrate, is not enough to control the decision as to the voluntary nature of the statement. *Rogers* v. *Superior Court,* 46 Cal.2d 3, 9-11 [291 P.2d 929] and *People* v. *Bashor,* 48 Cal.2d 763, 765 [312 P.2d 255], so hold.

The officer's testimony created a substantial conflict with that of defendant and the jurors were entitled to accept it as having the more convincing force.

Appellant argues that he was deprived of constitutional rights in that his mother was not permitted to see him until after arraignment, which was about three days after arrest; that had she done so he would have gotten a lawyer and hence have made no confession. The record indicates that appellant was arrested on Tuesday and made his statement on Wednesday; it does not disclose when he was arraigned; it may have been on Wednesday. The statute allows a maximum of 48 hours for this purpose (Pen. Code, § 825). A somewhat similar argument was thus disposed of in *Rogers* v. *Superior Court, supra,* at page 10: "There is a basic distinction between evidence seized in violation of the search and seizure provisions of the Constitution of the United States and the Constitution of California and the laws enacted thereunder, and voluntary statements made during a period of illegal detention. It may be true, as petitioner contends, that had he been arraigned within 48 hours and advised of his rights, he would not have volunteered to say anything. (*Cf. People* v. *Stroble,* 36 Cal.2d 615, 626, 627 [226 P.2d 330]; and see *People* v. *Zammora,* 66 Cal.App.2d 166, 220

[152 P.2d 180].) Nevertheless, there is lacking the essential connection between the illegal detention and the voluntary statements made during that detention that there is between the illegal search and the evidence obtained thereby, or between the coercion and the confession induced thereby. The voluntary admission is not a necessary product of the illegal detention; the evidence obtained by an illegal search or by a coerced confession is the necessary product of the search or of the coercion."

The record does not disclose a miscarriage of justice in this case.

Judgment and order affirmed.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.