[Crim. No. 6530.   Second Dist., Div. One.   June 4, 1959.]

THE PEOPLE, Respondent, v. FRED LEE EATON, Appellant.

William L. White for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was charged by information with forcible rape and burglary. Upon trial by the court sitting without a jury he was adjudged guilty of both offenses, the burglary being fixed in the first degree due to the accompanying assault. Three prior felony convictions were admitted and he was sentenced to the state's prison. He appeals from the judgment of conviction and the order denying a motion for new trial.

Pursuant to recognized rules, the following narration of the evidence is in the aspect most favorable to the respondent. At or about 5 o'clock on the morning of June 16, 1958, the husband of the victim, Mrs. Smith, left the family home in Long Beach for his place of business. Approximately 30 minutes later Mrs. Smith arose to go to the bathroom. She was seized in the hallway by a large man who put his thumbs inside of her mouth, forced her back into the bedroom and onto the bed. After pulling a bed sheet over his victim's head, he accomplished the act complained of, in the course of which the assailant touched her arm with some sharp article, saying: "You know what that is. . . . It is a knife." Although unable to see her attacker, Mrs. Smith recognized his voice as that of the accused who, she stated, had patronized a café operated by her and her husband.

The victim's testimony was corroborated in certain particulars by a physician who examined her later that morning. He found fresh bruises and cuts around her throat and mouth, as well as sperm in the vaginal canal. Further corroboration consisted of fingerprints lifted by experts from the Smith residence and later identified as belonging to the defendant. In this connection, when first questioned by police officers, defendant denied he had ever been to Mrs. Smith's house. Later however he admitted he had lied in order to protect the reputation of a woman friend whom he had once driven, while she was intoxicated, to Mrs. Smith's home. The woman in question denied the occurrence of any such episode.

Appellant challenges the sufficiency of the evidence to sup-

port his conviction. He asserts that a key prosecution witness was incompetent to testify as an expert, and claims that the trial judge was guilty of prejudicial misconduct. We are of the opinion that there is no merit in any of these contentions.

As to the asserted insufficiency of the evidence, appellant claims that the prosecutrix was motivated by hatred and revenge. She admittedly disliked appellant and her testimony, he urges, was inherently improbable and hence incredible. He points out that she was not blindfolded, that there were four windows in the bedroom and that the sun rose that morning, according to official records, at 5:41, all of which circumstances negative the victim's claim that she did not see her assailant. He also urges there were no bruises about the pelvic area, no hysteria following the assault, and no disarray either of the victim's clothing or the bedroom generally. ▆ But it is not our function to weigh the evidence (*People* v. *Soto*, 155 Cal.App.2d 344, 345 [317 P.2d 1005]) and even justifiable suspicion or unusual circumstances do not categorize evidence in prosecutions of this character as inherently impossible and unworthy of belief (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]). ▆ As stated in the last cited case, ''it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends'' (p. 693).

▆ There is also the suggestion that the victim's identification of appellant, solely by his voice, was insufficient as a matter of law. However, testimony relating to the identity of a voice is generally considered competent, its probative value being a question of fact (*Connell* v. *Clark*, 88 Cal.App.2d 941, 947 [200 P.2d 26], *People* v. *Loar*, 165 Cal.App.2d 765, 774 [333 P.2d 49]). ▆ This adverse determination, coupled with the corroborative evidence previously mentioned and appellant's two prior convictions of burglary which served to aid in the impeachment of his testimony fully support the finding of guilt. (*People* v. *Loar, supra.*)

▆ It is next contended that Robert W. Parkin, who obtained a thumb and three fingerprints of the appellant at the victim's home, was incompetent to testify as an expert in that field. The record reveals that Parkin held a bachelor's degree in science, having majored in criminology; that he had taken several courses in fingerprinting; that he was employed as a laboratory technician with the Long Beach Police Department and previously had worked in the office of the

Orange County District Attorney. ■ Appellant relies on *People* v. *Horowitz*, 70 Cal.App.2d 675 [161 P.2d 833], but the general rule is there restated (p. 689) that the qualification of an expert to testify is committed to the sound discretion of the trial court and the exercise of its discretion will not be disturbed unless an abuse thereof has been made manifest.

■ No such abuse has here been shown; furthermore, we are of the view that the witness demonstrated a sufficient background of study and experience to enable him to give the expert testimony elicited. The reasons for the conclusions reached by the witness were for a proper evaluation by the trier of fact.

Appellant's final assignment of error concerns two instances of asserted misconduct by the trial court, both without merit. First, during the direct examination of the prosecuting witness, she was asked about her assailant's size as compared to her own, to which she replied that he was "larger." The following thereupon ensued:

"Mr. White (appellant's counsel) : I think she has already stated that she did not observe.

"The Court: She said she couldn't identify the person as being a specific person or even the race of the person, but she is apparently willing to state that the person involved was taller than she."

■ Appellant's claim that the court unduly assisted the witness by supplying the proper adjective is without merit. A trial judge within reasonable limits not only has the right but the duty clearly to bring out the facts (*Gantner* v. *Gantner*, 39 Cal.2d 272, 278 [246 P.2d 923]).

■ The second instance of alleged misconduct relates to the statement of the court in reply to the suggestion of appellant's counsel for leave to approach the bench: "You can tell me from there." Of course, the cold record wholly fails to sustain the claim that "the words spoken and the tone used by the Court . . . tended to discredit the cause of the defense." Additionally, there was no assignment of misconduct or any action on the part of defendant to strike the language from the record. (*People* v. *Harris*, 87 Cal.App.2d 818, 827 [198 P.2d 60]), which precludes reversal on the ground asserted (*People* v. *Galuppo*, 81 Cal.App.2d 843, 849 [185 P.2d 335].)

The judgment and order appealed from are affirmed.

White, P. J., and Fourt, J., concurred.