[Crim. No. 7336.    Second Dist., Div. Two.    Mar. 21, 1961.]

THE PEOPLE, Respondent, v. RUSH SPINKS, Appellant.

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Respondent.

McMURRAY, J. pro tem.*—This is an appeal after a judgment of conviction of violation of Penal Code, section 337a, by the court and its denial of the motion for new trial after appellant had waived trial by jury and submitted the matter on the transcript of the preliminary hearing, with each side reserving the right to introduce additional evidence.

■ The thrust of the appeal is that the trial judge prejudged the case. Appellant contends that such prejudging is shown by the following facts. After argument as to the admissibility of certain evidence, and a motion to suppress such evidence, the motion having been submitted, the court stated: ''The motion is denied. I find the defendant guilty as charged.'' Appellant strenuously urges that the submission made by him was only effective as to the motion to suppress and that he had not rested.

Appellant states that it was useless to proceed since the judge had already found appellant guilty. This reveals a remarkable docility in counsel in a criminal case. It would appear that the formula words ''the defendant rests'' have no magic in and of themselves, and it is often customary for attorneys, particularly in matters where there is not a jury, to conclude their arguments by stating ''the matter is submitted.''

*Assigned by Chairman of Judicial Council.

If appellant's counsel had, at the time of the judge's statement, made known the position he here takes, the matter could easily have been rectified at that time. Both People and appellant had informed the court that there would be no testimony other than that contained in the transcript of the preliminary hearing. At the conclusion of his argument, appellant, through his counsel, stated: "I will submit it with that observation."

Interpersonal communication is, at best, vague and subject to varying interpretation. Counsel for a defendant should be vigorously alert to make sure that his position is understood, as well as is possible by the use of language, by the trier of the fact.

If there is error here, appellant made no timely appropriate objection and must be deemed to have waived such error. (*People* v. *Cox,* 174 Cal.App.2d 30, 39 [344 P.2d 399].)

An aggrieved party is bound to afford a judge an opportunity to correct any error involving alleged misconduct and failure of appellant to make an assignment of misconduct precludes reversal on this ground. (*People* v. *Galuppo,* 81 Cal.App.2d 843, 849 [185 P.2d 335]; *People* v. *Eaton,* 171 Cal.App.2d 120, 124 [339 P.2d 951].)

In any event, the facts before the trial court are of such character as to justify the court's judgment of conviction, it being shown that the arresting officers called appellant's phone number and said: "Hi, Rush, this is Charley; am I too late for the 5th?" The telephonic reply was: "No, O.K., who did you say this was?" The officer answered: "Charley Brown"; whereupon the voice answered: "I believe you have the wrong number." This last statement appears to have come too late.

Other officers had appellant's residence under surveillance at the time of the phone call and no one was seen leaving the premises. When officers knocked at a glass door of the residence in which appellant was, he came toward the door; the officers identified themselves and stated they were conducting a bookmaking investigation, whereupon appellant, who apparently had some white pieces of paper in his hand, ran through the hallway into the bathroom and the officers heard the toilet flush. Appellant then returned and told the officer to go to the front door. They did, and appellant opened the door; the officers again identified themselves and informed appellant that they were conducting a bookmaking investiga-

tion and asked appellant if they could see his telephone, to which appellant replied: "O.K., come on in." Appellant's voice was similar to the voice the officer heard on the telephone.

There were no other adults on the premises other than appellant and the officers. Appellant's children, ages 4 and 7, were the only other persons there. Appellant told the officers he had another extension to his telephone in the basement. The officers went to the basement, observed the telephone, which had lying next to it a copy of the "National Daily Reporter" and a copy of the "Daily Racing Form." The telephone bore the same number which had been called by the officer. While the officers were there, the phone rang several times, and people attempted to lay bets on horses scheduled to run at Santa Anita that day.

There appears to be no error requiring a reversal in this matter, and were there any, it would not be one resulting in a miscarriage of justice affording a ground for a reversal of the judgment. (Cal. Const., art. VI, § 4½.)

Judgment of conviction and order denying motion for new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.