[Crim. No. 8826. Second Dist., Div. Two. Aug. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROY DONALD COVERT, Defendant and Appellant.

Arthur Lewis for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from his conviction following a nonjury trial upon an information charging him with three counts of violation of Penal Code section 337a, subdivisions 1, 2 and 6. In substance, count I charged that on or about July 31, 1962, appellant engaged in pool-selling and bookmaking upon the results of a horse race; count II charged that on or about the same date appellant kept and occupied an apartment located at 6864 Bonita Terrace, Los Angeles, with paraphernalia used for the purpose of recording and registering bets on horse racing; and count III charged appellant with accepting bets on horse races. Defendant's sole assignment of error is that the evidence is insufficient to sustain the conviction.

The matter having been submitted upon the transcript of the preliminary hearing, with no defense offered, the record is without conflict and may be summarized as follows: Officer Safford of the Los Angeles Police Department had received information that by dialing a certain designated

telephone number and using the identification number "372," he could place a bet on horses running at any track in the United States. The officer ascertained that the address with which the indicated telephone number was identified was 6864 Bonita Terrace, apartment B, Los Angeles.

It was arranged with fellow officers that Officer Safford would call this number from a nearby telephone and, upon placing a bet, would communicate this fact by a signal to the other officers. On the date alleged, at approximately 1:10 p.m., Officer Safford dialed the specified telephone number. He received a busy signal the first three or four times, but, after approximately two minutes of dialing, a connection was made and a male voice answered.

Officer Safford said, "This is 372 and I want a two-dollar bet on the daily double at Del Mar, American Jet in the first to Courageous Miss in the second." The male voice replied, "Are you sure this is 372?" Officer Safford said, "Yep, and in the third race give me No Fun, two to win." The male voice then replied, "Okay, go ahead."

The officer thereupon gave the prearranged signal to his fellow officers and then continued placing bets with the man on the telephone until suddenly the telephone was hung up. The officer, however, kept the line open and remained on the telephone until several seconds later when Officer Wacker came on the line and spoke to him. Officer Safford then hung up his telephone and proceeded to the apartment.

Officer Wacker testified that after he and his partner had received the prearranged signal indicating that a bet had been placed, he proceeded to the door of apartment B, knocked, and shouted loudly, "police officers." Upon receiving no response, entry was forced. Within the room they observed defendant before a large piece of formica making wiping motions across the upper part of it with a blue rag which he then threw into a sink. No one was in the apartment but appellant. Officer Wacker picked up the telephone bearing the designated number and spoke with Officer Safford who was still on the line.

. The large piece of formica was about 4 feet in height and was resting against the rear wall of the one-room apartment. It was found to be wet. A can of cleanser was found on a small shelf attached to the wall directly to the left of the formica board. Other blue rags were also found and were received in evidence. The telephone was on a small table in front of the formica board approximately 4 feet away. A scratch

sheet, the National Daily Report, also was found in the room and it contained the names of the horses referred to in the telephone conversation.

While the officers were in the room, the telephone rang several times. On one occasion, Officer Safford picked it up and said, "Hello." A male inquired "Who is this?" whereupon Officer Safford hung up. When the phone rang again, he picked it up and said, "Hello," but this time no one answered. Later, however, when it rang again and the officer answered, a female voice said, "This is 532, in the third at Del Mar I want No Fun, two across, and in the fourth I want Sun Bingo, two across." The officer replied, "Okay, anything else?" The female voice replied, "No, that is twelve dollars, right?" The officer said, "Right," and the conversation ended.

It was stipulated that Officer Safford was an expert in the manner in which bookmaking is conducted in the City of Los Angeles and with respect to the signs, symbols and paraphernalia used therein. He gave his opinion that the articles found in the apartment, considered collectively, constituted bookmaking paraphernalia. He further explained that, "The formica is commonly used to record bets taken over a telephone and at a later time the back office will call and will take these bets from whoever wrote them on this board. These boards are generally used in a bookmaking spot commonly known as a relay spot wherein bets are only temporarily recorded and periodically the back office calls and takes those bets away and make[s] a permanent record of them." He indicated that the cleaner and rags were used to facilitate the removal of these temporary records. Finally, the officer testified that defendant's voice was similar to that of the person to whom he had spoken over the telephone.

It is at once apparent that the evidence was more than sufficient to support the conviction on all three counts. (Cf. *People* v. *Spinks,* 190 Cal.App.2d 366, 368-369 [11 Cal.Rptr. 923]; *People* v. *Wooten,* 181 Cal.App.2d 462, 463-464 [5 Cal. Rptr. 433]; *People* v. *Schmidt,* 178 Cal.App.2d 865, 871-872 [3 Cal.Rptr. 438].) The only inference reasonably to be drawn from the described sequence of events is that defendant hung up on Officer Safford when his fellow officers announced their presence and began wiping the incriminating notations from the formica board. In fact, he was still thus engaged when the officers entered, and Officer Safford was still waiting on the open line. Since no one else was in the room,

the conclusion is almost inescapable that defendant accepted the bet from Officer Safford and was engaged in bookmaking on the premises. This fact was further corroborated by the other items found in the room and by the subsequent telephone calls seeking to place further bets and using the exact number identification system used by the officer. The various items of property found in the room, although individually and abstractly legal, when viewed in context and collectively justified the trial court's determination that they constituted bookmaking paraphernalia.

 Defendant, in his brief, suggests that ''There was no evidence to establish or determine who the owner of the premises was, or defendant's purpose in being present or the length of his stay.'' There is no requirement that one who *''occupies''* the prohibited premises must be the *owner* thereof, and as we have shown, there was abundant evidence to support the finding as to the criminal nature of defendant's ''purpose.''

 If the question as to the length of time that defendant had been on the premises was in any sense vital, or if there was any rational explanation (consistent with defendant's innocence) of his telephone conversation with the officer or the items found in the room, appellant deliberately failed to disclose them to the court when he elected to offer no defense. ''Furthermore, the defendant failed to avail himself of an opportunity to explain or deny a number of incriminating circumstances about which he could reasonably be expected to know. The court was entitled to consider his failure to do this as 'tending to indicate the truth of such evidence and as indicating that among the inferences that may be drawn therefrom, those unfavorable to the defendant are the more probable.' (*People* v. *Adamson,* 27 Cal.2d 478, 490-491 [165 P.2d 3].) This serves to fortify the judgment. . . .'' (*People* v. *Smith,* 113 Cal.App.2d 416, 419 [248 P.2d 444].)

The judgment is affirmed. The appeal from order denying motion for new trial is dismissed.

Fox, P. J., and Ashburn, J., concurred.