Filed 7/1/13  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RACHAEL-ANNE PEARL ROBINSON,<br><br>    Defendant and Appellant. | C071476<br><br>(Super. Ct. No. 11F009A) |

Defendant Rachael-Anne Pearl Robinson pled no contest to assault by means of force likely to produce great bodily injury.  The trial court suspended the imposition of sentence, placed her on three years' probation, and ordered her to pay various fees.  On appeal, she contends that the trial court improperly ordered her to pay certain fees because:  (1) "the court failed to state a statutory basis for all the fees"; (2) there was insufficient evidence in the record to support the amount of some of the fees; (3) insufficient evidence supported her ability to pay certain fees, including attorney fees; and (4) an installment account fee was unauthorized.  Defendant also argues that if she forfeited the right to challenge the sufficiency of the evidence supporting the amount of

1

certain fees or her ability to pay certain fees, she was denied effective assistance of counsel.

First, we conclude that the trial court erred in failing to include in its probation order specific statutory references for certain fees. Second, we conclude that defendant's challenge to the sufficiency of the evidence as to the amount of certain fees is inappropriate because those fees did not need to be supported by specific evidence. Third, we conclude that the trial court has not yet ordered defendant to pay attorney fees. Fourth, we conclude that there was insufficient evidence to support the trial court's finding of defendant's ability to pay certain other fees, so those fees must be stricken. Last, although the trial court may have exceeded its statutory authority in imposing both a time to pay and an installment account fee, because we will remand so that the trial court may include in the probation order specific statutory references for every fee imposed, the trial court can determine whether it had the authority to impose those fees as it did.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying offense are irrelevant. Suffice it to say that in March 2011, defendant was charged with assault and other offenses. In July 2011, she pled no contest to the assault charge in return for dismissal of the other charges and grant of probation. After accepting the plea, the trial court "referred [the matter] to probation for a report and recommendation." The probation report recommended the following fees:

"1. The cost of pre-sentence investigation and pre-sentence report, $350.00 to the Probation Department.

"2. The reasonable value of public defender's service, $TBD.

"3. The cost of incarceration in the county jail at $20.00 per day.

"4. The total of pre-sentence costs and public defender services ($TBD) in installments of not less than $50.00 per month, commencing 60 days after release from incarceration.

2

"5. An additional $35.00 per month for the cost of probation supervision to the Probation Department.

"6. Shall pay, to the Probation Department, a $50.00 time to pay fee pursuant to Section 1203.1b(h) of the California Penal Code.

"7. Shall pay, to the Trinity County Probation Department Collections Division a $35.00 installment account fee."

In June 2012, the trial court conducted a sentencing hearing where the court found "that the defendant has the ability to reimburse the county for the fines and fees, and . . . imposed [those fees] as recommended [by the probation report]." The following colloquy ensued:

"[THE COURT:] And, Mr. Dippery [defense counsel], did you go over the terms and conditions with your client?

"MR. DIPPERY: I have not. I don't know if she has. She has reviewed them.

"THE COURT: I'm going to go over these with you for the record, Ms. Robinson. Besides the fines and fees that have been imposed -- recommended by probation and adopted by the court . . . ."

The court proceeded to explain that she would be subject to warrantless searches for weapons, paraphernalia, and controlled substances. Also, the court ordered her to enroll in a drug rehabilitation program, which she already appeared to have completed. The discussion then proceeded as follows:

"[THE COURT:] How much time did you have Mr. Dippery?

"MR: DIPPERY: It's approximately 30 hours, but I don't believe that Ms. Robinson has any ability to pay. She's unemployed, will be going to school for the next several years, and I don't believe she has any resources to pay for attorneys [*sic*] fees.

"THE COURT: Any comments from probation on ability to pay?

"MR. DUONG [probation officer]: Your Honor, she's going to have to go to collection and work with them on the payment plan. I know there is no ability to pay, but I think collections should handle that.

"THE COURT: I'm going to indicate 30 hours and refer this matter to probation for a determination of ability to reimburse the county for attorney's fees and I'll reserve jurisdiction on that issue."

The trial court issued a written probation order. The fees contained in the probation order are identical to those recommended by the probation report. Defendant timely appealed.

## DISCUSSION

### I

### *Failure To Identify Statutory Bases For Fees*

Defendant contends that the trial court failed to identify the statutory bases for the following fees: (1) "the probation report ($350), [(2)] probation supervision ($35/month), [(3)] attorneys [*sic*] fees (30 hours), [(4)] jail time ($20/day), [(5)] and an installment account fee ($35)." Combining their forfeiture arguments together, the People contend defendant forfeited her right to challenge the trial court's failure to identify in its probation order the statutory bases for these fees because defendant did not object on that basis in the trial court. Defendant argues that she may challenge for the first time on appeal the trial court's failure to include in its probation order specific statutory references for the fees imposed. Defendant is correct.

In *People v. High* (2004) 119 Cal.App.4th 1192, we made clear our position that trial courts *must* include in their judgments the statutory basis for every fine or fee imposed. "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment." (*Id.* at p. 1200.) A probation order is subject to the same requirements. (*People v. Eddards* (2008) 162

4

Cal.App.4th 712, 718.) Thus, without exception, a trial court errs when it fails to include in a probation order the statutory basis for every fee imposed.

This court has held on more than one occasion that to preserve a challenge to a fee or fine, a defendant must object in the trial court. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [crime prevention fine]; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357 [jail booking fee].) Even sufficiency of the evidence claims with respect to fees and fines may be subject to forfeiture. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1467, 1468-1469 [restitution fine]; *People v. McCullough* (2013) 56 Cal.4th 589, 590 [booking fee].) However, there is no published decision from this court directly addressing whether a defendant may challenge for the first time on appeal a trial court's failure to comply with our directives in *High* and *Eddards*.

Our decision in *Gibson* as to the application of the forfeiture doctrine to fees and fines guides our analysis here. In *Gibson*, we held that a defendant cannot challenge for the first time on appeal the trial court's failure to consider the defendant's ability to pay a restitution fine. (*People v. Gibson, supra*, 27 Cal.App.4th at p. 1468.) "[B]ecause the appropriateness of a restitution fine is fact-specific, as a matter of fairness to the People, a defendant should not be permitted to contest for the first time on appeal the sufficiency of the record to support his ability to pay the fine. Otherwise, the People would be deprived of the opportunity to cure the defect by presenting additional information to the trial court to support a finding that defendant has the ability to pay. [Citations.] . . . [¶] Equally important, the need for orderly and efficient administration of the law -- i.e., considerations of judicial economy -- demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting the fine on appeal. [Citations.] Defendants routinely challenge on appeal restitution fines to which they made no objection in the sentencing court. In virtually every case, the probation report put the defendant on notice that a restitution fine would be imposed. Requiring the defendant to object to the fine in the sentencing court if he or she believes it is invalid

5

places no undue burden on the defendant and ensures that the sentencing court will have an opportunity to correct any mistake that might exist, thereby obviating the need for an appeal." (*Id.* at pp. 1468-1469.)

Our concerns in *Gibson* over fairness to the trial court and the People are clearly absent when applied to the particular circumstances involved in defendant's challenge to the trial court's failure to include in a probation order a specific statutory reference for a fee. The requirement from our decisions in *High* and *Eddards* is that the *trial court* include in its *probation order* the statutory basis for every fee imposed. (See *People v. High*, *supra*, 119 Cal.App.4th at p. 1200; *People v. Eddards*, *supra*, 162 Cal.App.4th at p. 718.) Because there is no evidence that defendant here was provided with the trial court's probation order *before* sentencing, we cannot say that defendant could have objected to the trial court's failure to comply with *High* and *Eddards.* Thus, unlike *Gibson,* defendant would be unduly burdened by the application of the forfeiture doctrine here because she did not have notice that there was any problem in the trial court's probation order, i.e., she did not know before sentencing that the probation order would not include statutory references for every fee imposed. (Cf. *People v. Gibson*, *supra*, 27 Cal.App.4th at p. 1468.)

Citing our Supreme Court's decision in *People v. Scott* (1994) 9 Cal.4th 331, 353 the People argue that "[g]enerally, sentencing determinations are *not* reviewable on appeal." They therefore suggest that because "claims that fines were improperly imposed are forfeited if not raised below" defendant's challenge here should be forfeited just as is trial counsel's failure to object to the defendant's ability to pay attorney fees.

We find the People's reliance on *Scott* unpersuasive in this particular case. In *Scott,* our Supreme Court held "that the [forfeiture] doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott*, *supra*, 9 Cal. 4th at p. 353.) "Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's

attention. As in other [forfeiture] cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Ibid.*) Here, however, the defendant's counsel could not have brought the error to the trial court's attention because trial counsel could not be charged with knowing of, and bringing to the trial court's attention, an error the trial court had yet to make. (See *People v. Gibson*, *supra*, 27 Cal.App.4th at p. 1468 ["The purpose of the [forfeiture] doctrine is to bring errors to the attention of the trial court so they may be corrected or avoided"]; *People v. Welch* (1993) 5 Cal.4th 228, 236 ["[forfeiture] principles encourage development of the record and a proper exercise of discretion in the trial court"] .) Thus, *Scott* does not justify forfeiting defendant's claim that the trial court failed to include in its probation order specific statutory references for every fee imposed.

Next, turning to the substance of defendant's argument, we agree that the trial court erred in failing to include in the probation order the statutory basis for the fees mentioned above. (See *People v. Eddards*, *supra*, 162 Cal.App.4th at p. 718). We, therefore, remand to the trial court to modify the probation order to include the statutory basis for every fine and fee.[1]

Of course, the trial court could have avoided this portion of our review had it merely included a cite to the statutory source of each fee. This is clearly the situation we envisioned when crafting our holding in *High*; the trial court's failure to specify the code section allows neither us nor the appropriate department to determine to whom the fees go. (See *People v. High*, *supra*,119 Cal.App.4th at p. 1200.)

We recognize our trial courts have burgeoning caseloads. Nevertheless, we hope that they will take the few minutes necessary to ensure they include in their probation

---

**1** Remanding to the trial court to correct the clerical error instead of striking the fees is consistent with the stated policy that "[i]n an 'age of expanding criminal dockets and the resulting heightened burden on public revenues[,] [r]ecoupment laws reflect legislative efforts to recover some of these added costs and conserve the public fisc.' " (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1073.)

orders and abstracts of judgment specific statutory references for each fee. In ensuring that specific statutory references for fees be included in the abstract of judgment or probation order, we can reduce these sorts of appeals and ensure a more orderly and efficient administration of our judicial system.

## II

### *The Booking, Jail, Time To Pay, And Installment Account*
### *Fees Are Not Subject To Court Determination*

Defendant's second contention on appeal is that there was insufficient evidence to support the amount of the booking fee, jail cost fee, time-to-pay fee, and the installment account fee. She argues that because there was no evidence in the record that the fees comported with the statutory limits, there is insufficient evidence to support the amount of the challenged fees. The People counter that these issues are forfeited on appeal because trial counsel failed to object. Defendant argues that they were not forfeited, and if they were, the failure to object and preserve the issues amounted to ineffective assistance of counsel. As we will explain, we do not reach the merit of defendant's claim because we find no requirement that evidence be presented to support the amount of the fees.

Defendant points to various code sections to identify the source of fees. Defendant points to Penal Code section 1203.1c, subdivision (a), for the purported jail cost fee. For the installment account fee and time-to-pay fee, defendant points to Penal Code section 1203.1b, subdivision (h). Last, for the booking fee, defendant points to Government Code section 29550.2.

In each instance, the legislative scheme contemplates that the amount of the fee will be determined by a legislative body, rather than by an evidentiary showing before a trial court. With respect to the jail cost fee, Penal Code section 1203.1c, subdivision (a) explicitly limits the fees to "[t]he reasonable cost of such incarceration . . . not

8

exceed[ing] the amount *determined by the board of supervisors*, with respect to the county jail, and *by the city council*, with respect to the city jail, to be the actual average cost thereof on a per-day basis." (Italics added.) With respect to the installment account fee and time-to-pay fee, Penal Code section 1203.1b, subdivision (h), allows "*[t]he board of supervisors in any county*, *by resolution . . . [to] establish* a fee for the processing of payments made in installments to the probation department." (Italics added.)

With respect to the booking fee, it is true that Government Code section 29550.2, subdivision (a) mandates that booking fees reflect "the actual administrative costs" and does not express that a particular body must determine the amount. However, because the measure of the fee amount is the "actual administrative costs," this is likely determined by the administrative personnel at a particular secure facility. After the personnel make this determination, the amount is likely forwarded to the probation department, or to a county or city administrative body. Thus, just like the code sections above, an extrajudicial body determines the amount of the fee. At least there is certainly nothing in the statutory scheme that suggests the trial court must make this determination on a case-by-case basis.

Accordingly, in making the determination of these fee amounts a legislative prerogative, the statutory framework by default has eliminated appellate review as to the sufficiency of the evidentiary basis supporting the amounts of these fees. As detailed above, the statutory framework has made determining the amount of the fees challenged here legislative determinations. When reviewing the sufficiency of evidence, a court must determine whether there existed substantial evidence, " ' "that is, evidence that is reasonable, credible, and of solid value." ' " (*People v. Racy* (2007) 148 Cal.App.4th 1327, 1332; see *Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1052-1053 [questions of fact reviewed under substantial evidence standard].) Given that under the statutory framework the amounts of the fees challenged here are not set by the trial court, no

9

evidence to support these fees is presented to the trial court.  Because no evidence is presented to the trial court to set these fee amounts, no evidence can be weighed as " ' "reasonable, credible, [or] of solid value" ' " upon review.  (*Racy,* at p. 1332.)  Thus, we conclude that a challenge to the sufficiency of the evidence to support the amount of these fees is inappropriate here.

## III

### *Defendant's Ability To Pay Attorney, Booking, Jail, And Probation Fees*

Defendant contends there is insufficient evidence in the record to support her ability to pay the attorney fees, booking fee, jail fee, and probation fee.  The People claim that defendant forfeited her right to challenge those fees by failing to object during the sentencing hearing.  Defendant argues that she did not forfeit challenging her ability to pay those fees, and if she did, the failure of trial counsel to object was ineffective assistance of counsel.  We find that defendant properly objected below.  On the merits of defendant's challenge to the sufficiency of the evidence with respect to attorney fees, we find that the trial court has not yet ordered defendant to pay attorney fees.  However, with respect to the booking, jail, and probation fees, we find those unsupported by the evidence of ability to pay.  Accordingly, we order the booking, jail, and probation fees stricken.

## A

### *Defendant Properly Objected To Her Ability To Pay Fees*

As noted above, the trial court read defendant the conditions of her probation and informed her that she would pay fees.  After asking defense counsel for the time he had in the case, defense counsel responded that "I don't believe that Ms. Robinson has *any ability to pay*.  She's unemployed, will be going to school for the next several years, and I don't believe she has any resources to pay for attorneys [*sic*] fees." (Italics added.)  The probation officer concurred.  While the objection may have come most immediately in a discussion of attorney fees, it was within a part of a broader conversation that included

the imposition of all the fees.  When read in the context of the entire colloquy, we find this objection was sufficient to apprise the trial court that defendant contended that she had an inability to pay all fees.  (See *People v. Scott* (1978) 21 Cal.3d 284, 290 ["An objection is sufficient if it fairly apprises the trial court of the issue it is being called upon to decide"].)

B

*The Trial Court Reserved Jurisdiction On Defendant's Ability To Pay Attorney Fees*

Defendant contends that there was insufficient evidence to support her ability to pay attorney fees.  The People do not contest this issue, relying instead solely on their assertion of forfeiture, which we have rejected already.  Nevertheless, we need not decide this issue because the trial court reserved jurisdiction on defendant's ability to pay attorney fees and never issued an order for her to do so.

Penal Code section 987.8, subdivision (b) provides for attorney fees upon conclusion of criminal proceedings when a defendant is either represented by a public defender or privately appointed counsel.  "[T]he court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." (*Ibid.*)  However, a trial court may also "in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (*Ibid.*)

Here, the trial court stated that it was going "to indicate 30 hours and refer this matter to probation for a determination of ability to reimburse the county for attorneys [*sic*] fees.  And I'll reserve jurisdiction on that issue."  The court properly acted within its discretion in forwarding the determination of defendant's ability to pay to the probation department.  (See Pen. Code, § 987.8, subd. (b).)  Because the trial court has not yet ordered defendant to pay *any* attorney fees, it is premature for defendant to challenge a determination of ability to pay that has not been made yet (and may never be made).

11

C

*There Is Insufficient Evidence To Support Defendant's*

*Ability To Pay The Booking, Jail, And Probation Fees*

Defendant contends there is insufficient evidentiary support for her ability to pay the booking, jail, and probation fees.  Again, the People do not contest this, instead relying on their claim of forfeiture. We agree with defendant.

"The court's finding of the defendant's present ability to pay need not be express, but may be implied through the content and conduct of the hearings.  [Citation.]  But any finding of ability to pay must be supported by substantial evidence." (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398.)  Substantial evidence is " ' "evidence that is reasonable, credible, and of solid value." ' " (*People v. Racy*, *supra*, 148 Cal.App.4th at p. 1332.)

Determining the ability to pay requires the trial court to consider the defendant's present and reasonably discernible future financial position, the likelihood that defendant will be able to obtain future employment, and any other factors that are relevant in determining the defendant's ability to pay.  (See Pen. Code, §§ 1203.1b, subd. (e)(1)-(4); 1203.1c., subd. (b)(1)-(4).)

Here, none of the fees the court ordered were supported by substantial evidence that defendant could pay.  After the trial court made a conclusory statement that "the defendant has the ability to reimburse the county for the fines and fees," both defense counsel *and* the probation's officer stated that defendant had no ability to pay.  No evidence suggested that she had any present ability to pay, nor that she would any time in the near future.  In fact, everyone but the trial court agreed she was *unable* to pay.  Thus, there was no evidence to support an express or implied finding that defendant possessed any ability to pay the booking, jail, and probation fees.  (See *People v. Racy*, *supra*, 148 Cal.App.4th at p. 1332.)  Because there is insufficient evidence to support defendant's ability to pay these particular fees, we order them stricken.

12

IV

*The Trial Court May Have Exceeded Its Authority In Imposing*

*Both A $50 Time-To-Pay Fee And An Installment Account Fee*

Defendant argues that the trial court erred in calculating the installment account fee. She argues Penal Code section 1203.1b, subdivision (h) is the source of both the time-to-pay fee and the installment account fee. The time-to-pay fee imposed was $50 and the installment account fee was $35. Because Penal Code section 1203.1b, subdivision (h), only authorizes up to $75 for an installment account fee, and the aggregate of the two fees imposed here is $85, she argues the trial court exceeded the limit by $10.

The People argue that the $35 installment account fee imposed here was independently justified by Penal Code section 1205, subdivision (e). Because that section allows for a $30 installment account fee, the People contend that the total amount permitted for the two fees was exceeded by only $5. (In short, the People and defendant argue over $5.) Defendant counters that this section is inapplicable here. While we agree with defendant, we find it appropriate to remand to the trial court to sort out whether it can impose the fees it did.

The code section the People cite for the installment account fee applies only to installment account fees with respect to fines. Penal Code section 1205, subdivision (a), provides that "[a] judgment that the *defendant pay a fine*, with or without other punishment, may also direct that he or she be imprisoned until the fine is satisfied and may further direct that the imprisonment begin at and continue after the expiration of any imprisonment imposed as a part of the punishment or of any other imprisonment to which the defendant may have been sentenced." (Italics added.) Later, Penal Code section 1205, subdivision (e) mandates "[t]he defendant shall pay to the clerk of the court or the collecting agency the fee established for the processing of installment accounts."

Because no fine was imposed here, the People cannot use Penal Code section 1205 as an independent justification for the installment account fee.

Under these circumstances, the trial court may have exceeded its authority in imposing $85 in the aggregate for a time-to-pay fee and an installment account fee. Penal Code section 1203.1b, subdivision (a) provides in relevant part that "a defendant [who] is convicted of an offense and is the subject of any preplea or presentence investigation and report . . . [may be instructed to] pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, [or] of conducting any preplea investigation and preparing any preplea report." Penal Code section 1203.1b, subdivision (h) provides that "[a] board of supervisors in any county, by resolution, may establish a fee for the processing of payments made in installments to the probation department pursuant to this section . . . except that the fee shall not exceed seventy-five dollars ($75)."

Given that there does not appear to be any authority for the court to impose both a time-to-pay fee and an installment account fee, at least where those two fees exceed the statutory maximum of $75 in Penal Code section 1203.1b, subdivision (h), we agree that the trial court may have exceeded its statutory authority by imposing the two fees aggregated at $85.

However, we will not order the fees stricken or reduced. Because we are remanding to the trial court to include in the probation order specific statutory references for certain fees, the trial court can determine whether it had the statutory authority to impose the fees challenged here. If the trial court determines it does have statutory authority to impose the fees, it must include in the probation order *specific statutory references* for the fees. Should it determine that it did not have the statutory authority to impose the fees it did, then we trust that the trial court will appropriately reduce the fee amount to $75 in the aggregate. Again, we note that this portion of our review could

14

have been avoided had the trial court taken the few minutes necessary to include in its probation order specific statutory references for the fees.

## DISPOSITION

Defendant's conviction is affirmed, but we remand the case to the trial court with instructions to strike the booking, jail, and probation fees, to reconsider its imposition of both a time-to-pay fee and an installment account fee, and to modify the probation order to include specific statutory references to each and every fee and fine imposed.

      ROBIE     , Acting P. J.

We concur:

    MAURO    , J.

    DUARTE    , J.