Filed 10/21/13  P. v. Otero CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065417 |
| v. | (Super. Ct. No. F11906686) |
| RAYMOND OTERO III, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James Petrucelli, Judge.

Donn Ginoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Cornell, J., and Franson, J.

A jury convicted appellant, Raymond Otero III, of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)),[1] and in a separate proceeding, the court found true allegations appellant had suffered a prior conviction that qualified as both a prior serious felony conviction (§ 667, subd. (a)) and as a "strike"[2] and that appellant had served four separate prison terms for prior felony convictions (§ 667.5, subd. (b)). The court imposed a prison term of 19 years, consisting of the following: The five-year upper term on the instant offense, doubled under the three strikes law for a total of 10 years (§§ 667, subd. (e)(1); 1170.12, subd. (c)(1)); five years on the prior serious felony enhancement; and one year on each of the four prior prison term enhancements. The court also imposed a restitution fine of $4,800 under section 1202.4, subdivision (b) (section 1202.4(b)) and a "parole revocation restitution fine" (§ 1202.45) in the same amount. The court stayed the latter fine pending successful completion of parole.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

Appellant, in response to this court's invitation to submit additional briefing, has filed a brief in which he makes the contentions we discuss below. We affirm.

**FACTS**

On November 19, 2011 (November 19), at approximately 9:00 a.m., Jose Montes was walking near Roosevelt High School in Fresno when he "turned back" and saw a

---

[1]    All statutory references are to the Penal Code.

[2]    We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

person, who he identified in court as appellant, riding a bicycle behind him.[3]  Montes continued walking and when he passed the school's football field he saw appellant riding toward him.   When appellant "[got] close" to Montes, he (Montes) said "hi," but appellant did not respond and Montes kept walking.

At that point, appellant began riding in circles around Montes, who continued walking.  Montes became afraid.  The street was "empty" and there were no other people around.  Appellant "kept going behind" Montes and as Montes was crossing the street, appellant "said something about money[.]"  Montes testified he did not remember if appellant said "do you have money[?]" or "give me the money."  Montes responded to appellant, untruthfully, that he did not have any money, and kept walking.  Eventually— Montes did not remember how many times appellant circled him—appellant "got closer" to Montes, stopped approximately three feet in front of Montes and "parked" his bicycle. Appellant, who was wearing a "zippered" sweater, then "opened" his sweater, at which point Montes "thought [appellant] had something down there …."  However, Montes testified, "I didn't see anything."  He saw neither a blade nor a knife handle.  Montes recalled telling the investigating police officer, Officer Ponek, that he saw a handle, but later, at home, he "started thinking about what happened," "everything cleared up in [his] mind," and he realized he "never [saw] anything."  Montes told the officer he had seen a knife handle because he "was really nervous, really anxious, really afraid, really mad."

After stopping in front of Montes, appellant "just look[ed] at [Montes]," his sweater open.  Montes was afraid he would "[g]et beat up or something," so he took a $20 bill out of his pocket and handed the money to appellant.  At that point, appellant said "'gracias'" and "left."

---

**3**    Except as otherwise indicated, our factual statement is taken from Montes's testimony.

3

Appellant continued walking, and after approximately 10 to 15 minutes he arrived at a tire shop where "his friends" were and told them what had happened. Initially, Montes did not want to report the incident to the police because "It was just $20," but, at his friends' urging, he did so.

Appellant never "threatened" Montes, nor did appellant "ever show [Montes] anything."

A recording of Montes's 911 call was played for the jury. A transcript of the 911 call provided to the jury indicated appellant stated, "… a guy just came over to me and he (inaudible) a knife and pointed to me and he took my money"; the "guy" had a kitchen knife that he "put it on my belly," and "He asked me for the money so I gave it to him."

Fresno Police Officer David Ponek testified he interviewed Montes on November 19, at which time Montes told him the following: Appellant said to Montes, "give me your money." Montes did not see a blade but he saw the handle of what he "felt" was a kitchen knife, "sticking out of [appellant's] left pants pocket."

Fresno Police Officer Manuel Maldonado testified to the following: He responded to a report of a robbery and arrested appellant shortly after 10:00 a.m. on November 19 near Roosevelt High School. The officer searched appellant's person and found two $20 bills and one $10 bill. He did not find any weapons in appellant's possession, nor was any knife found in the "immediate area."

Montes further testified to the following: His memory was better at the time he testified than on the day of the incident. He had been drinking the night before the incident and he had "maybe a hangover a little bit …." He did not want to be in court, testifying.

A photograph taken of appellant at the time of booking and introduced into evidence showed appellant wearing a red shirt and blue denim jacket, but not a sweater.

The defense called no witnesses.

4

**DISCUSSION**

Appellant first argues he was denied his right to the effective assistance of counsel at trial. However, he provides no information at all regarding his counsel's conduct at trial. We therefore reject this claim.

Appellant next argues the trial court erred in admitting evidence of "prior acts." However, no such evidence was adduced at trial. Therefore, this claim also fails.

Appellant also contends he does not have the ability to pay the $4,800 restitution fine under section 1202.4(b), and therefore that fine should be stricken. Appellant did not raise this contention below, however, and therefore he may not do so on appeal. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469; cf. *People v. McCullough* (2013) 56 Cal.4th 589, 597 [appellate challenge to sufficiency of evidence supporting booking fee forfeited by failure to raise claim at sentencing].)

Finally, appellant raises a series of points that, as best we can determine, amount to a claim that Montes's testimony was not credible and therefore the evidence was insufficient to support appellant's conviction. This claim too is without merit.

"Robbery is the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear." (§ 211.) "'The element of fear for purposes of robbery is satisfied when there is sufficient fear to cause the victim to comply with the unlawful demand for his property.' [Citations.] … [¶] … [¶] Intimidation of the victim equates with fear. [Citation.] An unlawful demand can convey an implied threat of harm for failure to comply, thus supporting an inference of the requisite fear." (*People v. Morehead* (2011) 191 Cal.App.4th 765, 774–775.)

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—

evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We resolve neither credibility issues nor evidentiary conflicts.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Under the principles summarized above, Montes's testimony, the testimony of Officer Ponek and the 911 call constituted substantial evidence appellant unlawfully took $20 from Montes by inducing fear in Montes.  Therefore, the evidence was sufficient to support appellant's robbery conviction.

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.