[Crim. No. 7779. Second Dist., Div. Four. June 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM DOUGLAS LYONS, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mary Anne Sykulski, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—A jury found defendant guilty of robbery in the second degree in violation of section 211 of the Penal Code. Probation was denied and defendant was sentenced to state prison for the term prescribed by law, the sentence "to run consecutively to any time owed."

Defendant appealed from the judgment of conviction. The Court of Appeal of the State of California on June 4, 1962, filed its opinion affirming the judgment of conviction. On December 5, 1969, defendant moved this court for an order recalling the remittitur, reinstating his appeal and appointing counsel in order to comply with *Douglas* v. *California,* 372 U.S.

353 [9 L.Ed.2d 811, 83 S.Ct. 814], and it was so ordered. We now reconsider his appeal.

The facts, viewed in the light most favorable to the People, are as follows: On the afternoon of December 23, 1960, Jerome Buteyn, Jr., the operator of Jerry's Liquor Stores, was tied up by two men and robbed of $800. Mr. Buteyn freed himself of his bonds and saw the two men departing in a car that had been parked in front of the office. He then reported the robbery and the license number of the car to the police.

On January 5, 1961, defendant was arrested. During the course of the arrest Officer Keith Ethell found a parking ticket and business reply envelope addressed to the Santa Monica Municipal Court under a mattress of a bed in an upstairs bedroom. The ticket was dated December 21, 1960, and bore the inscription "License Number JHB-125." This was the same as the number of the license on the car used by the robbers to flee the scene of the robbery. It appeared from the face of the ticket that it was given to a vehicle parked on the west side of 18th Street in the 1400 block in Santa Monica. At the time of arrest, Officer Ethell determined that defendant's mother was living at 1433-18th Street, Santa Monica, which is in the same block as the site of the parking violation.

After defendant's arrest, Mr. Buteyn immediately recognized and identified him as one of the robbers in a lineup of about eight men at the police station. Approximately one month later a 1953 Mercury station wagon with the license number JHB-125 was located in a garage in the City of Venice.

At the trial Mr. Buteyn again identified defendant and stated that pictures of the automobile, introduced into evidence, depicted the car he saw leaving the scene of the robbery. Officer Richard B. Courtright, an identification technician of the Santa Monica Police Department, was qualified as a fingerprint expert and testified in substance that fingerprints found on various surfaces of the automobile were those of defendant. The parking ticket and envelope, discovered by Officer Ethell, were introduced into evidence without objection by defendant.

Defendant testified in his own behalf. He denied he committed the robbery and offered an alibi, with witnesses to substantiate his testimony, that he was in another part of the city at the time the robbery was committed.

■ Defendant contends that several damaging admissions were testified to by the officers shortly after his arrest and while he was in their custody. He argues that the record is silent as to whether defendant was advised of his constitutional rights and that it is not to be presumed that a suspect has

been advised of his rights or that he waived them. In the instant case defendant's conviction had become final on July 4, 1962. The *Escobedo*[1]-*Dorado*[2] rule concerning the inadmissibility of statements obtained from an accused without first advising him of his right to counsel and also to remain silent do not apply to reinstated appeals (as in the case at bench), or to cases in which defendant was denied counsel on appeal. (See *People* v. *Rivers,* 66 Cal.2d 1000, 1005 [59 Cal.Rptr. 851, 429 P.2d 171].) Therefore, defendant may not at this time raise the issue of non-compliance with the requirements of *Escobedo-Dorado* rules.

■ Defendant contends that the record is silent as to whether defendant was advised of his right to counsel at the lineup. It was held in *People* v. *Feggans,* 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], that the rule requiring exclusion of identification evidence obtained at a police showup at which the accused did not have assistance of counsel is restricted to showups occurring after June 12, 1967, as a matter of law. The court said, in *People* v. *Feggans, supra,* at p. 448, "The question presented, therefore, is whether we should apply the rule of the *Wade*[3] and *Gilbert*[4] cases to all cases still pending or restrict that rule to showups occurring after *Wade* and *Gilbert* were decided on June 12, 1967. Showups conducted before that date in which defendants did not have the assistance of counsel 'threaten to be of significant quantity' [citations], and we conclude that the same reasons that led the Supreme Court in *Stovall* v. *Denno,* 388 U.S. 293, 296 [18 L.Ed. 2d 1199, 1203, 87 S.Ct. 1967] to permit prospective operation of *Wade* and *Gilbert* as a matter of constitutional law dictate that they also should operate prospectively as a matter of state law. [Citations.]" In the case at bench the defendant's lineup occurred January 5, 1961, long before the date set forth in the *Feggans* case.

■ Defendant contends there was an unreasonable search and seizure. He argues there was no evidence in the record as to whether the police had obtained either a warrant to arrest defendant or a warrant to search the premises, and further, that there was no evidence as to whether the police had probable cause to arrest defendant. Then defendant concedes that the present law presumes that a search was made pursuant to a warrant in the absence of evidence to the contrary (see *People* v. *Farrara,* 46 Cal.2d 265 [294 P.2d 21].) However, he argues that the above rule should be discarded, and in the absence of evidence to the contrary, it should be presumed a search was *not* made pursuant to a warrant and that an arrest was *not* based on probable cause.

---

[1]*Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758].

[2]*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

[3]*United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926].

[4]*Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951].

Had defendant at the trial level made a showing that the search was made without a warrant, the burden then would have been upon the People to show proper justification. (*People* v. *Shelton,* 60 Cal.2d 740 [36 Cal.Rptr. 433, 388 P.2d 665].) However, defendant did not raise the issue and there is no evidence in the record whether or not there was a search warrant. Since the point was not raised at the trial level, the prosecution was deprived of the opportunity of justifying the actions of the arresting officers. This failure to raise the question below precludes the defendant from now raising the question for the first time on appeal. (*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].)

Counsel for defendant argues that the rule on raising objections for the first time on appeal should also be discarded. He urges that the present rule on objections gives too much emphasis to the fact that our trial system is an adversary one but that the primary purpose of a criminal trial should be to determine a suspect's guilt or innocence, based on the evidence not obtained in violation of constitutional guarantees. The rule requiring objections on the trial level is based on sound policies: promoting efficiency, economy and the nonduplication of functions in the courts.

Furthermore, failure to object is often a matter of trial strategy, and in the absence of a showing of incompetency, trial strategy is left to the judgment of counsel below, subject to dismissal if the client is dissatisfied. The defendant was ably represented by counsel at the trial level. Defendant offered a defense of alibi. It is obvious that the jury did not believe defendant or his witnesses. Defendant had a fair trial and we find no error.

Judgment of conviction is affirmed.

Kingsley, J., and Dunn, J., concurred.