[No. C017016. Third Dist. Aug. 31, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EARL GIBSON, Defendant and Appellant.

## COUNSEL

Richard I. Targow, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, J. Robert Jibson and Margaret Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOTLAND, J.**—Defendant Robert Earl Gibson was convicted of robbery, his probation was revoked in two prior cases, and he was committed to state prison. Without objection by defendant, the trial court ordered him to pay a total of $2,200 in restitution fines (Gov. Code, § 13967, subd. (a)), as recommended by the probation report.

Although he did not object to the fines in the trial court, defendant contends the court erred in imposing $2,200 in restitution fines when he had no earnings or assets with which to pay that amount.[1] Defendant acknowledges this court has held that ability to pay includes ability to earn money in the future to satisfy a restitution fine. (*People* v. *Frye* (1994) 21 Cal.App.4th 1483, 1485-1486 [27 Cal.Rptr.2d 52].) However, he suggests *Frye* was decided wrongly and asks us to revisit the issue.

---

[1]Government Code section 13967, subdivision (a) provides in pertinent part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code and to pay restitution to the victim in accordance with subdivision (c). In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than two hundred dollars ($200), *subject to the defendant's ability to pay*, and not more than ten thousand dollars ($10,000). . . ." (Italics added.)

As we shall explain, by virtue of his failure to object in the trial court, defendant has waived his right to contest the restitution fine on appeal. (Cf. *People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 997 [262 Cal.Rptr. 141]; *People* v. *Zito* (1992) 8 Cal.App.4th 736, 742-743 [10 Cal.Rptr.2d 491]; *People* v. *Neal* (1993) 19 Cal.App.4th 1114, 1117-1124 [24 Cal.Rptr.2d 129].)

## DISCUSSION

█ The purpose of the waiver doctrine is to bring errors to the attention of the trial court so they may be corrected or avoided. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law. (E.g., *People* v. *Saunders* (1993) 5 Cal.4th 580, 590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; *People* v. *Rogers* (1978) 21 Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Antonelli* (1979) 94 Cal.App.3d 113, 122 [156 Cal.Rptr. 369]; 5 Cal.Jur.3d, Appellate Review, § 480, pp. 117-118.)

█ As a matter of fairness to the trial court, a defendant should not be permitted to assert for the first time on appeal a procedural defect in imposition of a restitution fine, i.e., the trial court's alleged failure to consider defendant's ability to pay the fine. (*People* v. *Saunders, supra,* 5 Cal.4th at p. 590.) Rather, a defendant must make a timely objection in the trial court in order to give that court an opportunity to correct the error; failure to object should preclude reversal of the order on appeal. (*Ibid.; Story* v. *Nidiffer* (1905) 146 Cal. 549, 552-553 [80 P. 692]; *People* v. *Spinks* (1961) 190 Cal.App.2d 366, 368 [11 Cal.Rptr. 923]; cf. *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896 [150 Cal.Rptr. 910, 587 P.2d 706]; *People* v. *Newlun* (1991) 227 Cal.App.3d 1590, 1604 [278 Cal.Rptr. 550].)

Moreover, because the appropriateness of a restitution fine is fact-specific, as a matter of fairness to the People, a defendant should not be permitted to contest for the first time on appeal the sufficiency of the record to support his ability to pay the fine. Otherwise, the People would be deprived of the opportunity to cure the defect by presenting additional information to the trial court to support a finding that defendant has the ability to pay. (Cf. *People* v. *Poggi* (1988) 45 Cal.3d 306, 324 [246 Cal.Rptr. 886, 753 P.2d 1082]; *People* v. *Rogers, supra,* 21 Cal.3d at p. 548; *Coy* v. *Superior Court* (1959) 51 Cal.2d 471, 473 [334 P.2d 569]; *People* v. *Lyons* (1970) 9 Cal.App.3d 58, 62 [87 Cal.Rptr. 799].) A challenge to the sufficiency of

evidence to support the imposition of a restitution fine to which defendant did not object is not akin to a challenge to the sufficiency of evidence to support a conviction, to which defendant necessarily objected by entering a plea of not guilty and contesting the issue at trial.

Equally important, the need for orderly and efficient administration of the law—i.e., considerations of judicial economy—demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting the fine on appeal. (See, e.g., *People* v. *Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *In re Richard S.* (1991) 54 Cal.3d 857, 864, 866 [2 Cal.Rptr.2d 2, 819 P.2d 843]; *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 386, 390-392 [139 P.2d 930]; *People* v. *Oaxaca* (1974) 39 Cal.App.3d 153, 164 [114 Cal.Rptr. 178]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Antonelli, supra,* 94 Cal.App.3d at p. 122.) Defendants routinely challenge on appeal restitution fines to which they made no objection in the sentencing court. In virtually every case, the probation report put the defendant on notice that a restitution fine would be imposed. Requiring the defendant to object to the fine in the sentencing court if he or she believes it is invalid places no undue burden on the defendant and ensures that the sentencing court will have an opportunity to correct any mistake that might exist, thereby obviating the need for an appeal. Conversely, allowing the defendant to belatedly challenge a restitution fine in the absence of an objection in the sentencing court results in the undue consumption of scarce judicial resources and an unjustifiable expenditure of taxpayer monies. It requires, in almost all cases, the appointment of counsel for the defendant at taxpayers' expense and the expenditure of time and resources by the Attorney General to respond to alleged errors which could have been corrected in the trial court had an objection been made. Moreover, it adds to the already burgeoning caseloads of appellate courts and unnecessarily requires the costly depletion of appellate court resources to address purported errors which could have been rectified in the trial court had an objection been made. This needless consumption of resources and taxpayer dollars is unacceptable, particularly since it greatly exceeds the amount of the fine at issue. Statewide, taxpayers are spending hundreds of thousands of dollars on challenges to relatively minuscule restitution fines.

We conclude that in the interests of fairness to the sentencing court, fairness to the opposing party, and the needs for an orderly and efficient administration of law and judicial economy, a defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 14, 1994.