Filed 3/25/13  In re Andre C. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

|  |  |
|---|---|
| In re ANDRE C., a Person Coming Under the Juvenile Court Law. | C071221 |
| THE PEOPLE, | (Super. Ct. No. 69024) |
| Plaintiff and Respondent, | |
| v. | |
| ANDRE C., | |
| Defendant and Appellant. | |

Pursuant to a resolution reached at a contested jurisdictional hearing, the minor, Andre C., admitted one count of child abuse (Pen. Code, § 273a, subd. (a)),[1] and three other such counts were dismissed along with a count of corporal injury on a cohabitant (§ 273.5).

---

[1] Undesignated statutory references are to the Penal Code.

The juvenile court declared the admitted count to be a felony, adjudged Andre C. to be a ward of the court, set a maximum confinement term at six years, ordered Andre C. to be placed in a suitable licensed placement while on probation, and then placed Andre C. in the Rite of Passage program (ROP) in Nevada.

On appeal, Andre C. contends the juvenile court (1) violated his legal right to special education that conforms to his Individual Education Plan (IEP), (2) erred in requiring him to obtain his high school diploma or GED as a probation condition, as there was no evidence of his ability to comply, and (3) failed to determine his ability to pay a $100 restitution fine. We shall order the correction of a clerical error on the disposition order, brought to our attention, but otherwise affirm the juvenile court's adjudication and orders.

## FACTUAL BACKGROUND

The parties stipulated that the police report contained a factual basis for the admitted count. As summarized by the probation report, the police report stated as relevant:

Police were dispatched to Andre C.'s home on December 20, 2011, on a disturbance call. Andre C.'s father informed the officers that Andre C., then just a few days shy of 16 years old, and his girlfriend, then 17 years old, "had been fighting all night long" and that the girlfriend's mother was present at the residence to take the girlfriend and the couple's infant child.

According to the girlfriend, she and Andre C. had been arguing out of jealousy, each believing the other might be cheating.

Officers noticed the girlfriend's face was red and swollen on one side.

Subsequent investigation disclosed that Andre C. had been abusive to the couple's one-month-old infant daughter over her crying—yelling in the baby's ear, duct-taping her

2

mouth, placing her in a closet, and slapping her buttocks (the count Andre C. admitted involved this slapping).

## DISCUSSION

### I. The Juvenile Court Adequately Considered Andre C.'s Educational Needs in Placing Andre C. in the ROP Program

Andre C. contends the juvenile court erred in failing to review or consider his IEP at the dispositional hearing and prior to ordering that he be placed in ROP. We disagree.

*Background*

In February 2012, the juvenile court disagreed with the probation department's initial recommendation that Andre C. be committed to juvenile hall for 90 days. The court believed camp or placement was more suitable. The court ordered Andre C. evaluated by Gary Cavanaugh, M.D., a psychiatrist, "for a psychological report and recommendations," and ordered the probation department to prepare a supplemental report "with an eye towards placement or camp" to determine if Andre C. "qualifie[d] for either and what would better meet his personal needs." The court noted that Andre C. did not have any school credits, and noted the importance of finding a placement where Andre C. "has to go to school." (The initial probation report noted that Andre C. was a ninth grader at "one.Insight at Discover," having been expelled from high school, and further noted that he had "a history of IEP's for behavioral reasons and for learning disabilities.")

In March 2012, Dr. Cavanaugh filed the court-ordered psychological report. Cavanaugh acknowledged that Andre C. "had 28 disciplinary reports in the sixth grade and has had IEP's for behavioral issues and learning disabilities," but the doctor did "not see evidence of a major psychiatric illness" and concluded, after evaluating Andre C.'s learning abilities, that Andre C.'s "intelligence appears to be within the average range, although it appears that he has some problems with math." Cavanaugh also concluded

3

that Andre C. "would best be served in a setting where there is a maximum of structure and the requirement to take responsibility for his actions."

The probation department, in its supplemental report, "strongly recommend[ed] ROP, Nevada" for Andre C. According to the department, ROP is a highly structured program, and provides an extensive counseling program, parenting classes, anger management classes, and the opportunity to also participate in vocational trades.

In May 2012, the juvenile court placed Andre C. in ROP, finding that the ROP programs are "really, really good programs," that ROP was in Andre C.'s "best interest," that there were no equivalent facilities in California, and that Andre C. would be able to "get his high school education" there. At this hearing, Andre C.'s attorney stated that Andre C. was "excited to go to ROP Nevada" because he thought it was "going to help him"; and Andre C. added that when he completes the ROP Program, he "want[s] to go to UC Berkeley."

*Analysis*

"A juvenile court's commitment order may be reversed on appeal only upon a showing the court abused its discretion. [Citation.] ' "We must indulge all reasonable inferences to support the decision of the juvenile court . . . ." ' " (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330.)

"Education Code section 56000 declares that 'all individuals with exceptional needs have a right to participate in free appropriate public education . . . .' 'Individuals with exceptional needs' includes any child who is '[i]dentified by an individualized education program [IEP] team as a child with a disability,' as defined by the [federal] Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.) . . . ." (*In re Angela M.* (2003) 111 Cal.App.4th 1392, 1397, fn. omitted (*Angela M.*); Ed. Code, § 56000, subd. (a).)

4

The juvenile court must address and determine a child's general and special education needs, identify a plan to meet those needs, and set forth findings on a Judicial Council form, form JV-535. (Cal. Rules of Court, rule 5.651(b)(2); see *Angela M.*, *supra*, 111 Cal.App.4th at p. 1398.)

*Angela M.* addressed the requirement of a juvenile court to consider a minor's educational needs. That decision found the juvenile court there abused its discretion in committing the minor to the California Youth Authority (now the Division of Juvenile Justice) without mentioning the issue of educational needs, as the court was "clearly on notice that [the minor] may have special educational needs." (*Angela M.*, *supra*, 111 Cal.App.4th at pp. 1398-1399.)

The instant case is not *Angela M.* Here, the juvenile court was clearly aware of its duty to consider Andre C.'s educational needs, and did consider them, stressing the importance of appropriate schooling. The juvenile court ordered an additional psychological evaluation and a supplemental probation report; the completed evaluation included a detailed analysis of Andre C.'s learning abilities. The psychiatrist who performed the psychological evaluation did not see evidence of a major psychiatric illness, and concluded that Andre C.'s intelligence was within the average range; the psychiatrist reached these conclusions in the context of noting that Andre C. "has had IEP's for behavioral issues and learning disabilities." Moreover, as the People perceptively recognize, although the record notes a "history of IEP's," there is nothing indicating that Andre C. had a current IEP. Finally, the juvenile court found that Andre C. could "get his high school education" (and "even help . . . get[ting] into college if that's what [Andre C.] wants to do," as well as vocational training) at ROP, Nevada, a program the probation department had "strongly recommend[ed]" for Andre C.

We conclude the juvenile court adequately considered Andre C.'s educational needs in placing him with ROP, and the court's failure to formalize its educational findings in form JV-535 is harmless on this record.

## II. The Juvenile Court Properly Imposed the Probation Condition That Andre C. Obtain a High School Diploma and/or GED

Andre C. contends this probation condition must be stricken as unreasonable, as there was no evidence of his ability to comply. We disagree.

A juvenile probationer may be subject to "any and all reasonable conditions" the juvenile court "may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).)

Andre C. argues that "[i]n the instant case, as in [*In re*] *Robert M.* [(1985) 163 Cal.App.3d 812 (*Robert M.*)] , evidence indicated [Andre C.] lacked the ability to comply with the educational probation condition. The probation report alerted the court to [Andre C.'s] learning disabilities, history of IEP's, and total lack of any credits towards graduation. The psychological report by Dr. Cavanaugh states, '[Andre C.] had some difficulty with reverse digit span, simple calculations, and simple change-making problems. His fund of general information [appears] intact at a lower level.' Neither the court nor Dr. Cavanaugh ever viewed the minor's IEP, which would have revealed the nature and extent of his learning disabilities. [¶] Yet the court imposed a pro forma probation condition that [Andre C.] obtain a GED and/or high school diploma. The court certainly did not fashion the condition to fit [Andre C.'s] circumstances."

In Andre C.'s psychological evaluation, however, Dr. Cavanaugh, as noted, acknowledged that Andre C. "had 28 disciplinary reports in the sixth grade and has had IEP's for behavioral issues and learning disabilities," but the doctor did not see "evidence of a major psychiatric illness" and found that Andre C.'s "intelligence appears to be

6

within the average range . . . ." As also noted, Cavanaugh's psychological evaluation included a detailed analysis of Andre C.'s learning abilities. Furthermore, at the time of these proceedings, Andre C. was only in the ninth grade, the beginning of high school; this could account for his lack of school credits. Finally, Andre C. is unlike the minor in *Robert M.*, *supra*, 163 Cal.App.3d 812. In *Robert M*, the appellate court struck a probation condition that required the minor to obtain satisfactory grades, concluding that it was fundamentally unfair to deprive the minor "of his liberty for failing to achieve a level of school performance undoubtedly beyond his capacity." (*Id*. at p. 817.) The minor in *Robert M.* was 13 years old and in the seventh grade, but he had second grade vocabulary skills, third grade reading and math skills, and an IQ of 70. (*Id.* at p. 816.)

We conclude the juvenile court properly imposed the probation condition that Andre C. obtain his high school diploma or equivalent.

### III. Andre C. Has Forfeited the General Fund Fine Issue; In Any Event, Any Error Was Harmless

Andre C. contends the juvenile court ordered him (together with his parents) to pay a fine of $100 to the General Fund of San Joaquin County pursuant to Welfare and Institutions Code section 731, subdivision (a)(1), without determining whether he (Andre C.) had the ability to pay as the statute requires. Andre C. concedes that defense counsel did not object to this order.

This court has concluded that, in the interests of fairness to the trial court, fairness to the opposing party, and the needs for an orderly and efficient administration of law and judicial economy, a defendant who fails to object in the trial court that the court imposed a restitution fine without determining ability to pay, forfeits the issue on appeal. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.) Nor may such an alleged error be deemed an unauthorized sentence, which does not require trial court objection to be considered on appeal. (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1071-1072.)

7

Even if we assume the issue is properly before us, however, the record shows that any such error was harmless. The fine at issue was $100, and was ordered to be paid by Andre C. and his parents. At the time of the offense here, Andre C. was working for his father and at an auto body shop. Andre C.'s sister participated in school activities such as cheerleading and band, and Andre C. regularly attended basketball and football games. The program in which Andre C. had been placed—ROP— offered a high school education component and requisite certificates for various trades. As such, any failure on the trial court's part to consider Andre C. and his parents' ability to pay the $100 fine can be considered harmless.

## DISPOSITION

We direct the juvenile court to correct the following clerical error in its March 26, 2012 disposition order: The $100.00 fine payable by Andre C. and his parents to the Restitution Fund was made pursuant to Welfare and Institutions Code section 730.6, subdivision (b)(1) (for a felony offense), rather than, as the order currently states, Welfare and Institutions Code section 730.6, subdivision (b)(2) (for a misdemeanor offense). (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) In all other respects, the juvenile court adjudication and orders are affirmed.

                                          BUTZ , J.

We concur:

ROBIE , Acting P. J.

DUARTE , J.

8