Filed 8/27/14  P. v. Morales CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066557 |
| v. | (Super. Ct. No. 1403616) |
| AMADO ALVAREZ MORALES, JR., | **O P I N I O N** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Gomes, Acting P.J., Kane, J., and Detjen, J.

A jury convicted appellant, Amado Alvarez Morales, Jr., of possession of a controlled substance for sale (Health & Saf. Code, § 11351) and found true five prior prison term enhancements (Pen. Code, § 667.5, subd. (b))[1] and allegations that Morales had two prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On appeal, Morales contends: (1) the evidence is insufficient to support the court's finding that he had the ability to pay for his court-appointed attorney; and (2) the court failed to make a determination of his ability to pay the drug program fee it imposed. We find merit to Morales's first contention. With respect to his second contention we find that the court did not order him to pay a drug program fee. We will also modify the judgment accordingly and affirm as modified.

## FACTS

On June 9, 2009, members of the Modesto Narcotics Enforcement Team and the Modesto Police Department used a confidential informant to purchase a small quantity of heroin from Morales with a marked $20 bill. During a postarrest search of appellant, officers found syringes, methamphetamine pipes, and a bag containing wax bindles of a black tar substance. Morales admitted to the officers he was selling heroin.

On January 10, 2013, the court sentenced Morales to an aggregate 13-year term, the upper term of four years doubled to eight years because of Morales's strike convictions, and five one-year prior prison term enhancements. With respect to a drug program fee the court stated, "You are also required to pay a drug program fee [of] up to $150, depending on your ability to pay." The court, however, did not actually order Morales to pay a drug program fee in any amount.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

The court then imposed various fines and fees, in pertinent part stating, "... and I will impose $500 for the attorney's fees for the Court-appointed attorney. [¶] In imposing all of these fees, I have carefully considered Mr. Morales's ability to pay." Morales did not object to any of the fees imposed by the court, including the attorney fees.

## DISCUSSION

### *The Attorney Fees*

Morales contends that the court's order requiring him to pay $500 in attorney fees must be reversed because the record contains insufficient evidence to support the court's determination that he had the ability to pay these fees. Respondent contends Morales forfeited this issue by his failure to object in the trial court. We agree with Morales.

Section 987.8 "empowers the court to order a defendant who has received legal assistance at public expense to reimburse some or all of the county's costs." (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1213 (*Viray*).)

In *Viray*, *supra*, 134 Cal.App.4th 1186, the defendant challenged the trial court's order to pay attorney fees under section 987.8 on several grounds including, as here, that there was insufficient evidence to support the finding of her ability to pay. (*Viray*, *supra*, at pp. 1213-1214.) The People argued the defendant forfeited those claims by failing to object at sentencing. The *Viray* court rejected this argument reasoning that forfeiture may not properly "be predicated on the failure of a trial attorney to challenge an order concerning *his own* fees. It seems obvious to us that when a defendant's attorney stands before the court asking for an order taking money from the client and giving it to the attorney's employer, the representation is burdened with a patent conflict of interest and cannot be relied upon to vicariously attribute counsel's omissions to the client. In such a situation the attorney cannot be viewed, and indeed should not be permitted to act, as the client's representative. Counsel can hardly be relied upon to contest an order when a

3

successful contest will directly harm the interests of the person or entity who hired him and to whom he presumptively looks for future employment." (*Id*. at pp. 1215-1216.) *Viray* reasoned that this rationale applies even where counsel is a public defender on salary. (*Id*. at p. 1216.) We agree with the reasoning of *Viray* and conclude Morales did not forfeit his appellate challenge to the attorney fees order by failing to object to the order at sentencing.[2]

Under the terms of the statute, the trial court may, but only after notice and a hearing, order a defendant to pay all or a portion of the costs of his legal representation if the court determines the "present ability of the defendant to pay" such costs. (§ 987.8, subd. (b).) While the finding of a present ability to pay may be implied, a section 987.8 attorney fee cannot be upheld on appeal unless it is supported by substantial evidence. (*People v. Nilsen* (1988) 199 Cal.App.3d 344, 347.) Additionally, there is "a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs." (*People v. Flores* (2003) 30 Cal.4th 1059, 1068.) To rebut the statutory presumption, the court was required to make a finding of unusual circumstances. (§ 987.8, subd. (g)(2)(B).)

Morales's probation report did not include a recommendation regarding attorney fees. Nor does the record contain any evidence that supports or explains how the court arrived at the $500 amount it ordered Morales to pay for these fees. Additionally, since the court sentenced Morales to prison, the court was required to find unusual circumstances before it could order him to pay attorney fees and it made no such finding.

---

[2] Respondent cites *People v. Nelson* (2011) 51 Cal.4th 198, 227, *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1076, and *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469 to argue that "claims that fines were improperly imposed are forfeited if not raised below." However, respondent did not address the application of *Viray* to the instant case and none of the cases respondent cites involved an order to pay attorney fees for a court-appointed attorney.

4

Accordingly, we conclude that the record does not support the court's order requiring Morales to pay $500 in attorney fees.

Moreover, we have not found any indication in our review of the record on appeal to suggest that the trial court could find unusual circumstances. Morales's probation report indicates that he had a minimal work history, that he dropped out of high school in the 10th grade (although he subsequently earned his GED) and that he lived with his mother for the three years prior to his arrest. It does not indicate that Morales had any assets. In view of these circumstances, we strike the attorney fee order without remand in the interest of judicial economy.

### *The Drug Program Fee*

Morales contends the court order requiring him to pay a $150 drug program fee must be reversed because the court failed to make a determination of his ability to pay. Respondent contends Morales forfeited this issue on appeal as well by his failure to object to this court order. We conclude that the court never actually ordered Morales to pay a drug program fee.

Health and Safety Code section 11372.7 provides, in pertinent part, that "each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense." (Health & Saf. Code, § 11372.7, subd. (a).) "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid .…" (Health & Saf. Code, § 11372.7, subd. (b).)

Here, the court only mentioned the drug program fee when it stated that Morales was required to pay a drug program fee of up to $150, depending on his ability to pay. However, since the court never actually ordered Morales to pay any amount as a drug program fee, we must presume the court found Morales did not have the ability to pay

5

this amount in light of the other fines and fees it ordered him to pay. (Evid. Code, § 654 ["It is presumed that official duty has been regularly performed"].)

Moreover, despite the court's failure to order Morales to pay a drug program fee, the minute order of Morales's sentencing hearing and his abstract of judgment indicate the court ordered him to pay a $150 drug program fee. Accordingly, we will direct the trial court to delete the notations in the minute order for Morales's sentencing hearing and in his abstract of judgment that indicate the court ordered Morales to pay a $150 drug program fee.

## **DISPOSITION**

The judgment is modified to strike the court's order requiring Morales to pay $500 in attorney fees. The trial court is directed to issue an amended minute order for Morales's January 10, 2013, sentencing hearing and an amended abstract of judgment that are consistent with this opinion and which delete the notations relating to the drug program fee and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

6