Filed 10/14/14  P. v. Porter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARMAIL KENYAMA PORTER,<br><br>　　　　Defendant and Appellant. | C074767<br><br>(Super. Ct. No. 12F01443) |

In June 2013, defendant Armail Kenyama Porter pled no contest to possessing identifying information of 10 or more people with intent to defraud.  The trial court sentenced him to five years in prison and imposed a $1,400 restitution fine with another $1,400 fine suspended pending completion of parole.

The trial court told defendant it was imposing the fines pursuant to the formula in subdivision (b)(2) of section 1202.4 of the Penal Code (section 1202.4(b)(2)).  This formula multiplies the applicable minimum fine by the number of years defendant was

1

sentenced to serve in prison.[1] (Pen. Code, § 1202.4, subd. (b)(1)). The trial court erroneously believed the minimum fine to be used in the calculation was $280 when in fact it was $240. The trial court therefore mistakenly multiplied $280 by defendant's five-year prison sentence and, as a result, imposed two $1,400 fines. Defense counsel failed to advise the trial court that the minimum fine was $240, rather than $280.

On appeal, defendant argues (among other things) that his counsel was ineffective for failing to notify the court of its mistake regarding the minimum fine. The People concede and we agree. Accordingly, we will modify the judgment to reduce defendant's fines to $1,200 each.

FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2012, police searched defendant's home and discovered evidence that he possessed identifying information of 10 or more people with intent to defraud. In June 2013, defendant pled no contest to this crime and admitted committing a serious felony in 1996 and serving prison time in 2005. Both parties waived preparation of a probation report. At the time of his plea, the trial court told defendant he would be "required to pay a restitution fine of not less than $280 or more than $10,000." At his subsequent sentencing hearing, the trial court sentenced defendant to five years in prison and announced as follows: "Restitution fine pursuant to Penal Code section 1202.4 is set in the amount of $1,400. That is calculated pursuant to the formula of Penal Code section 1202.4(b)(2)."[2] The court imposed an additional restitution fine in the same amount that

---

[1] The formula then multiplies the product by the number of counts defendant was convicted of; however, in this case, defendant was convicted of only one count.

[2] Penal Code section 1202.4, subdivision (b) provides as follows:

"(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred

would remain suspended unless defendant's parole was revoked. Defense counsel did not object to the fines.

## DISCUSSION

On appeal, defendant argues the trial court intended to calculate the fine using the minimum fine pursuant to section 1202.4(b)(2), but it mistakenly believed the applicable minimum fine was $280 when it was actually $240. Defendant argues the $1,400 restitution fine and corresponding parole fine should both be reduced to $1,200 each because: (1) the trial court violated ex post facto principles by improperly calculating the fines; (2) defendant was deprived of due process of law because the trial court was not fully aware of its discretion; and (3) his counsel was ineffective for failing to object to this miscalculation at sentencing.

### I

### *Defendant Forfeited His Ex Post Facto And Due Process Claims*

The People argue that defendant forfeited his ex post facto and due process arguments by failing to object in the trial court. We agree. It is well settled that "a defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469.) The forfeiture rule applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

---

dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000). . . .

"(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

3

In *Gibson* we considered the appeal of a restitution fine the defendant claimed he did not have the ability to pay. (*People v. Gibson*, *supra*, 27 Cal.App.4th at p. 1467.) In that case, we stated that "the need for orderly and efficient administration of the law--i.e., considerations of judicial economy--demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting the fine on appeal." (*Id.* at p. 1469.) The same considerations apply in this case to defendant's arguments that the trial court failed to appreciate the full scope of its discretion and that the court violated ex post facto principles. By failing to object on these grounds in the trial court, defendant forfeited his right to object and cannot raise the ex post facto and due process arguments for the first time on appeal.

## II

*Defense Counsel Was Ineffective For Failing To Notify The Trial Court Of Its Mistake*

Defendant contends that if his ex post facto and due process claims were forfeited, then he was denied effective assistance of counsel for failing to object to the $1,400 fines. The People concede and we agree.

To establish ineffective assistance of counsel, a defendant must "demonstrate that (1) counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected [the defendant] to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to [the defendant]." (*In re Wilson* (1992) 3 Cal.4th 945, 950.)

Here, the trial court's statements clearly showed that the court intended to impose fines based on the formula in section 1202.4(b)(2) but mistakenly believed the minimum fine to be used in the formula was $280 when it was actually $240. At the plea hearing, the trial court stated that defendant was "required to pay a restitution fine of not less than $280 or more than $10,000." This shows that the court believed $280 was the applicable minimum fine. More importantly, the court imposed a $1,400 fine that the court said was

4

"calculated pursuant to the formula of Penal Code section 1202.4(b)(2)." Under that formula, the fine is calculated by determining the minimum fine that can be imposed and multiplying it by the number of years of imprisonment the defendant is ordered to serve and the number of felony counts of which the defendant is convicted. (Pen. Code, § 1202.4, subd. (b)(2).)

Because defendant committed his crime in 2012, the minimum fine that could be imposed on him was $240. (Pen. Code, § 1202.4, subd. (b)(1); see *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189 [finding minimum restitution fine based on date of offenses, not date of sentencing].) Defendant was convicted of one crime and was sentenced to five years in prison. Therefore, if the court had properly calculated the fine pursuant to the formula in section 1202.4(b)(2), the restitution fine and corresponding parole fine would have been $1,200 ($240 x 5 x 1) each.

Defense counsel should have recognized the trial court's mistake regarding the applicable minimum fine and notified the court at sentencing (if not at the plea hearing). Counsel's failure to raise a meritorious objection as a result of ignorance or misunderstanding of the controlling law, rather than because of an informed tactical determination, constitutes deficient performance. (*In re Wilson*, *supra*, 3 Cal.4th at pp. 955-956.) We can find no conceivable tactical explanation for defense counsel's failure to advise the court that the applicable minimum fine was $240 rather than $280. Defense counsel's failure to object therefore constitutes deficient performance.

Furthermore, defense counsel's deficient representation prejudiced defendant because there is reasonable probability that, but for counsel's failure to object, the trial court would have imposed fines in the amount of $1,200 instead of $1,400. The trial court conveyed to both parties an unmistakable intent to impose fines based on the formula set forth in section 1202.4(b)(2), which calculates the amount as "the product of the minimum." (Pen. Code, § 1202.4, subd. (b)(2).) If the court had known the applicable minimum fine was $240, the court likely would have multiplied that amount

5

by the five years of defendant's sentence and imposed a restitution fine and a corresponding parole fine of $1,200 each.

## DISPOSITION

The judgment is modified to reduce the restitution fine and the corresponding parole fine from $1,400 to $1,200 each.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


      ROBIE      , Acting P. J.


We concur:


     MAURO     , J.


     HOCH     , J.