Filed 2/10/16  P. v. Aguilar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067505 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD255892) |
| MARTIN AGUILAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sharon B. Majors-Lewis, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Martin Aguilar of two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] and found true that Aguilar personally used a deadly weapon in the commission of the offenses (§ 1192.7, subd. (c)(23)) and committed the offenses for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b).

The court sentenced Aguilar to an eight-year term in state prison on each count, and ordered the term on count 2 to be served concurrently with the term imposed on count 1. The court also imposed various fines, including a $4,800 restitution fine under section 1202.4, subdivision (b). Aguilar timely appealed. He contends the restitution fine imposed under section 1202.4, subdivision (b), must be vacated.

## ANALYSIS[2]

Aguilar argues the sentence, insofar as it required him to pay a $4,800 restitution fine under section 1202.4, subdivision (b), must be vacated because the court was unaware of its discretion to order a lesser fine and merely abdicated the decision on the fine to the probation officer.

A. <u>Legal Framework</u>

Section 1202.4, subdivision (b), provides that a restitution fine must be imposed "[i]n every case where a person is convicted of a crime." The fine must be a minimum of

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

[2]     Because Aguilar makes no challenge on appeal to any of the convictions, and his appellate challenge is not related to the facts of the offenses that formed the basis for the jury's guilty verdicts or true findings, it is unnecessary to detail the evidence at trial.

$300, and not more than $10,000 (§ 1202.4, subd. (b)(1)), and "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine . . . multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (*Id*., subd. (b)(2).) The restitution fine is mandatory unless the sentencing court "finds compelling and extraordinary reasons for not doing so and states those reasons on the record," and the statute specifies that a defendant's inability to pay "shall not be considered a compelling and extraordinary reason not to impose a restitution fine" but "may be considered . . . in increasing the amount of the restitution fine in excess of the minimum fine . . . ." (§ 1202.4, subd. (c).)

The trial court has wide discretion in deciding the amount of the fine within the statutory parameters, and "there is no requirement that the court state its reasons for imposing a particular amount." (*People v. Gangemi* (1993) 13 Cal.App.4th 1790, 1798.) We will not disturb its order absent an abuse of discretion. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.)

B. Proceedings Below

At sentencing, after imposing the prison terms and imposing numerous fees and victim restitution, the court clerk reminded the court "there's a restitution fine," and the court stated "I said that already. So this is another one?" and the clerk answered, "Yes." The court then asked the probation officer, "What is the normal restitution fine? What's the statutory one?" and the probation officer then explained how the formula under

3

section 1202.4, subdivision (b)(2), would produce an amount of $4,800. The court then approved that amount. Aguilar raised no objection to that determination.

C. <u>Analysis</u>

Aguilar argues the order must be vacated because the court was unaware of its discretion to order an amount less than $4,800 and merely abdicated to the probation officer the decision as to the amount of the restitution.

As a preliminary matter, we conclude Aguilar's failure to object below precludes him from raising the issue on appeal. As the court explained in *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469:

> "[T]he need for orderly and efficient administration of the law—i.e., considerations of judicial economy—demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting the fine on appeal. [Citations.] Defendants routinely challenge on appeal restitution fines to which they made no objection in the sentencing court. In virtually every case, the probation report put the defendant on notice that a restitution fine would be imposed. Requiring the defendant to object to the fine in the sentencing court if he or she believes it is invalid places no undue burden on the defendant and ensures that the sentencing court will have an opportunity to correct any mistake that might exist, thereby obviating the need for an appeal. Conversely, allowing the defendant to belatedly challenge a restitution fine in the absence of an objection in the sentencing court results in the undue consumption of scarce judicial resources and an unjustifiable expenditure of taxpayer monies. It requires, in almost all cases, the appointment of counsel for the defendant at taxpayers' expense and the expenditure of time and resources by the Attorney General to respond to alleged errors which could have been corrected in the trial court had an objection been made. Moreover, it adds to the already burgeoning caseloads of appellate courts and unnecessarily requires the costly depletion of appellate court resources to address purported errors which could have been rectified in the trial court had an objection been made. This needless consumption of resources and taxpayer dollars is unacceptable, particularly since it greatly exceeds

4

the amount of the fine at issue. . . . [¶] We conclude that in the interests of fairness to the sentencing court, fairness to the opposing party, and the needs for an orderly and efficient administration of law and judicial economy, a defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal."

However, even assuming it was not forfeited, Aguilar's claim that the court did not exercise its discretion when it set the amount is unconvincing. The amount of restitution ordered by the court was set only after the court sought guidance from the probation officer on the "the normal restitution fine" or the "statutory one" and, after the probation officer correctly advised the court of the statutorily approved formula under section 1202.4, subdivision (b)(2) for calculating that fine, the court adopted the fine produced by that calculus. No further articulation of the reasons for the court's determination as to the amount of the restitution fine was necessary. (*Id*., subd. (d) ["Express findings by the court as to the factors bearing on the amount of the fine shall not be required."].)

Aguilar appears to argue the court, by seeking advice from the probation officer on the "the normal restitution fine" or the "statutory one," and ultimately approving the recommended amount, somehow abdicated its discretion and delegated the decision to the probation officer. However, the courts have long recognized that a trial judge must consider all the facts and circumstances of the case, including the probation officer's report, and our Supreme Court noted in *People v. Warner* (1978) 20 Cal.3d 678, at page 683, that "[t]he Legislature clearly assigned an important role to [the probation officer] when it provided that a probation report, including recommendations, is to be prepared in every felony case in which the defendant is eligible for probation and, further, that the

5

court must 'consider' the report, stating for the record that it has done so. [Citation.] However, having considered them, the court 'may reject *in toto* the report and recommendation of the probation officer.' [Citations.] 'The primary function served by the probation report required by section 1203 *is to assist the court* in determining an appropriate disposition after conviction.' [Citation.] In the final analysis that determination is a matter of judgment for the court, not the probation officer." We conclude a trial court does not abuse its discretion, but rather fulfills its duties, when it seeks guidance from the probation officer during sentencing, and the mere fact it ultimately adopts those recommendations provides no basis for claiming the trial court thereby abdicated its responsibilities.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.

6