Filed 2/17/16  P. v. Dhillon CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079694 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042497) |
| v. | |
| SULAKHAN SINGH DHILLON, | |
| Defendant and Appellant. | |

Defendant Sulakhan Singh Dhillon appeals from the judgment entered following his no contest plea to driving under the influence of a drug and causing bodily injury to another person (Veh. Code, § 23153, subd. (e)), and his admission to inflicting great bodily injury upon another person within the meaning of Penal Code section 12022.7,

1

subdivision (a).[1]  On appeal, defendant contends the trial court erred by failing to orally pronounce the amount and statutory basis of the "DUI fine" and the component parts of the aggregate penalty assessment of $1,845.  Defendant further contends the trial court erred by imposing a $50 penalty assessment under section 1463.16.  We conclude the penalty assessment imposed under section 1463.16 was improper and must be stricken.  As modified, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a car accident, defendant was charged with, among other things, driving under the influence (DUI) of a drug and causing bodily injury to another person.  (Veh. Code, § 23153, subd. (e).)  The People also alleged defendant inflicted great bodily injury upon another person within the meaning of section 12022.7, subdivision (a).  Defendant pleaded no contest to the DUI offense and admitted to inflicting great bodily injury upon another person.  The trial court sentenced defendant to six years in state prison.  As part of its sentencing pronouncement, the trial court ordered defendant to pay a $300 restitution fine and a matching but suspended $300 parole revocation fine.  The trial court also imposed a "DUI fine, with penalty assessments, of $1,845."  The trial court, however, did not separately articulate the amount of or statutory basis for each fine, fee, and assessment that comprised the aggregate fine of $1,845.  Nor did the trial court's minute order provide any details in this regard.

The abstract of judgment reflects the $1,845 fine with fees and penalty assessments is comprised of the following:  a fine of $440 (Veh. Code, § 23530); a court surcharge of $88 (Pen. Code, § 1465.7); a state court facilities construction fund fee of $220 (Gov. Code, § 70372, subd. (a)); a state penalty assessment of $440 (Pen. Code, § 1464); a DNA identification fund fee of $44 (Gov. Code, § 76104.6); a DNA

---

[1] Undesignated statutory references are to the Penal Code.

2

identification fund fee of $176 (Gov. Code, § 76104.7); a county penalty assessment of $308 (Gov. Code, § 76000); a DUI program assessment of $50 (Pen. Code, § 1463.16); a DMV fee of $5 (Veh. Code, § 40508.6); an "EMAT" fee of $4 (Gov. Code, "§ 7600.10" [*sic*]);[2] a court operations assessment fee of $40 (Pen. Code, § 1465.8); and a conviction assessment fee of $30 (Gov. Code, § 70373).

Defendant filed a timely notice of appeal.

## DISCUSSION

### I. Penalty Assessments

Citing *People v. High* (2004) 119 Cal.App.4th 1192 (*High*), defendant contends that remand is appropriate because the trial court failed to orally pronounce the amount of and statutory basis for the DUI fine and the component parts of the aggregate penalty assessments which totaled $1,845.  We disagree.

In *High*, the court held that while "a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of judgment."  (*High*, *supra*, 119 Cal.App.4th at p. 1200.)  In so holding, the court explained:  "If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency.  [Citation.]  At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts."  (*Ibid*.)  *High* remanded with instructions for the trial court to prepare an amended abstract of judgment, "separately

---

**2**  This typographical error appears in item 8 of the abstract of judgment; it is Government Code section 76000.10 that provides for the Emergency Medical Air Transportation or "EMAT" fee.

list[ing], with the statutory basis, all fines, fees and penalties imposed on each count." (*Id*. at pp. 1200-1201.)

Contrary to defendant's contention, remand is not warranted under *High*. Here, because the abstract of judgment separately lists the amount of and statutory basis for each fine, fee, and assessment imposed, the trial court complied with our decision in *High*. (*High*, *supra*, 119 Cal.App.4th at p. 1200.) It is an acceptable practice for a trial court to refer to fines, fees, and assessments in a shorthand manner and leave it to the clerk to specify the penalties in the appropriate amounts in the minutes and the abstract of judgment. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) Moreover, because defendant failed to object below, his claim of error is forfeited. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.)[3]

## II. Section 1463.16

Defendant contends the trial court erred by imposing a $50 penalty assessment under section 1463.16. The People concede the point. We agree with defendant and accept the People's concession.

The abstract of judgment reflects the trial court imposed a $50 "DUI Program Assessment" under section 1463.16. Section 1463.16 provides, in relevant part: "Notwithstanding Section 1203.1 or 1463, fifty dollars ($50) of each fine collected for each conviction of a violation of Section . . . 23153 of the Vehicle Code shall be deposited with the county treasurer in a special account for exclusive allocation by the county for the county's alcoholism program, with approval of the board of supervisors, for alcohol programs and services for the general population. . . ." (§ 1463.16, subd. (a).)

---

[3] The probation report contained a detailed list of all the fines, fees, and assessments recommended by the probation officer. As such, defendant had notice prior to sentencing of the proposed fines and penalty assessments.

Because the plain language of section 1463.16 does not authorize a trial court to impose a penalty assessment, the trial court erred by doing so. Accordingly, the $50 penalty assessment imposed under section 1463.16 must be stricken.[4]

**DISPOSITION**

The trial court is directed to prepare an amended abstract of judgment striking the $50 penalty assessment under Penal Code section 1463.16 and correcting Government Code section "7600.10" to section 76000.10 in item 8. It shall then forward a certified copy of the abstract to the Department of Corrections and Rehabilitation. As modified and corrected, the judgment is affirmed.

      BUTZ      , J.

We concur:

      BLEASE      , Acting P. J.

      DUARTE      , J.

---

[4] While defendant did not object to the penalty assessment imposed by the trial court under section 1463.16, an unauthorized sentence may be corrected on appeal. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 941.)

5