Filed 6/28/21  P. v. Clark CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091805 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF03953) |
| v. | |
| DILLION AUSTIN CLARK, | |
| Defendant and Appellant. | |

Defendant Dillion Austin Clark pled no contest to distributing or showing pornography to a minor.  (Pen. Code, § 288.2, subd. (a)(2).)[1]  The trial court sentenced defendant to the upper term of three years in prison and imposed various fines, fees, and assessments.  Defendant now challenges the trial court's imposition of those monetary obligations, while the People counter that defendant forfeited his claims on appeal.  Without reaching the merits, we concur with the People that defendant forfeited his ability to pay arguments.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

After defendant pled no contest to distributing or showing pornography to a minor, the trial court sentenced defendant and ordered defendant to pay fines and fees as follows: "The Court is ordering the mandatory fines and fees: The $300 [r]estitution [f]ine pursuant to [section] 1202.4[, subdivision ](b); the $300 [r]estitution [f]ine suspended pursuant to [section] 1202.45. The Court will find no ability to pay the [p]re-[s]entence [i]nvestigation [r]eport. The Court is imposing the fine pursuant to [section] 290.3 of the Penal Code in the amount of $500, plus all the surcharge penalty assessments including the $40 [c]ourt [o]perations [a]ssessment fee pursuant to [section] 1465.8 and the $30 [c]onviction [a]ssessment fee pursuant to [section] 70373 of the Government Code." The total fines and fees imposed was $2,020. Defendant did not object to the court's imposition of monetary obligations at sentencing.

Several months later, pursuant to section 1237.2, defendant sought relief through a letter to the trial court on June 25, 2020, and again on August 7, 2020. The trial court denied his requests on July 30, 2020, and September 29, 2020.

## II. DISCUSSION

Defendant challenges the trial court's imposition of the sex offender fine on the grounds that the trial court's statement at sentencing indicated it held an erroneous belief that the fine was mandatory. He further contends, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, that the trial court violated his constitutional rights when it imposed fines and fees without first holding a hearing on his ability to pay. We conclude defendant's claims are forfeited.

Imposition of the sex offender fine is contingent upon defendant's ability to pay.[2] Failing to contest the ability to pay in the trial court forfeits the contention that the

---

[2] "Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of

2

defendant was unable to pay the fine or fee, or that the trial court did not properly consider the ability to pay. (See *People v. McCullough* (2013) 56 Cal.4th 589, 597-598; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1467-1468.) Defendant's failure to object to the sex offender fine forfeits the claim that the trial court failed to consider his ability to pay this fine.

Similarly, with respect to the remaining monetary obligations, defendant was also required to object and demonstrate his inability to pay amounts imposed at sentencing. Defendant was sentenced on March 11, 2020, over a year after issuance of the *Dueñas* decision. (*People v. Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court]; see also *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to pay].)

While defendant argues that his letters to the trial court after sentencing render his claims cognizable on appeal under section 1237.2, we are not persuaded. Section 1237.2 provides in relevant part that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until

_____

the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (§ 290.3, subd. (a).)

after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing." Thus, section 1237.2 only permits a defendant to first object to fines and fees after sentencing where the defendant was unaware of the error at the time of sentencing.

Here, although defendant claims he was "unaware of the errors at the time of the sentencing hearing," defendant does not provide any support for this assertion. In fact, the trial court announced the specific amount of each fee imposed, and their statutory basis, in defendant's presence at the sentencing hearing. Thus, defendant cannot claim he was unaware of the monetary obligations imposed at sentencing, or whether and to what extent the trial court considered his ability to pay when imposing them. As a result, defendant was required to object at the time of sentencing, and his failure to do so forfeits his claims on appeal.

### III. DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

MURRAY, J.

4