Filed 4/24/15  P. v. Fouts CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076417 |
| v. | (Super. Ct. No. SF121038A) |
| BRYAN MICHAEL FOUTS, | |
| Defendant and Appellant. | |

Defendant Bryan Michael Fouts pleaded guilty to voluntary manslaughter, unlawful driving or taking of a vehicle, and receiving stolen property.  At the time defendant committed his offenses, the statutory minimum restitution fine was $240, but when he was sentenced the minimum was $300.  Defendant now contends the trial court violated ex post facto principles in imposing the restitution fine and parole revocation fine, because the trial court intended to impose the statutory minimum but used the minimum in effect at the time of sentencing, not at the time he committed his offenses.

1

Defendant further argues that if his trial counsel's failure to object in the trial court forfeited his claim, the failure amounted to ineffective assistance of counsel.

The Attorney General argues defendant's contention is forfeited, but agrees trial counsel's failure to object constituted ineffective assistance and that this court should reduce the restitution and parole revocation fines to $240.

We agree with the Attorney General. We will modify the judgment to reflect a $240 restitution fine and a $240 parole revocation fine, and we will affirm the judgment as modified.

BACKGROUND

Given defendant's appellate contentions, a detailed recitation of the underlying facts is unnecessary. An information charged defendant with committing a number of offenses in 2012, including the murder of Keith Sutton (Pen. Code, § 187, subd. (a) -- count 1),[1] assault with a firearm (§ 245, subd. (a)(2) -- count 2), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1) -- count 3), discharging a firearm in a grossly negligent manner (§ 246.3 -- count 4), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1) -- count 5), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a) -- count 6), one count of receiving stolen property (a motor vehicle) (§ 496d, subd. (a) -- count 7), three counts of receiving stolen property (§ 496, subd. (a) -- counts 8 through 10), and misdemeanor giving false identification to a peace officer (§ 148.9, subd. (a) -- count 11). As to count 1, the information alleged defendant had premeditated and deliberated (§ 189), personally discharged a firearm (§ 12022.53, subd. (d)), and personally used a firearm (§ 12022.5, subd. (a)). As to count 2, the information alleged defendant personally used a firearm. (§ 12022.5, subd. (a).) As to counts 1 and 2, the information alleged defendant had sustained two prior serious

---

[1] Undesignated statutory references are to the Penal Code.

felony convictions.  (§ 667, subd. (a).)  The information also alleged defendant had two prior strikes and had served two prior prison terms.  (§§ 667, subd. (d), 667.5, subd. (b).)

After jury trial commenced, defendant pleaded guilty to counts 6 through 10. During the advisements on the plea, the trial court advised defendant, "The maximum fine on a felony matter is $10,000 plus penalty assessments.  The restitution fine is between [$]300 and $10,000.  [¶] . . . [¶]  The fine is between [$]300 and [$]10,000. That's statutory.  Generally, I impose a minimum [$]300, but I'm making no promises to you."  A few days later, defendant pleaded guilty to voluntary manslaughter (§ 192, subd. (a)), as reasonably related to count 1, and admitted a gun enhancement (§ 12022.5) and a prior strike conviction (§ 667, subd. (d)).  During the advisements, the trial court stated, "The maximum fine on a felony matter is $10,000 plus penalty assessments.  I'll be assessing the minimum statutory fine."  The trial court dismissed the remaining counts, allegations, and cases.

On March 17, 2014, in accordance with the plea, the trial court sentenced defendant to an aggregate term of 19 years in state prison and awarded him 696 days of presentence custody credit.  The trial court ordered defendant to pay direct victim restitution in the amount of $5,238.24, a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a court operations fee of $40 per count (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment per count (Gov. Code, § 70373).

DISCUSSION

Defendant contends the trial court intended to impose the minimum restitution fine but mistakenly believed the minimum was $300 when it was actually $240.  He argues the $300 restitution fine and corresponding parole revocation fine should be reduced to $240 each because the trial court violated ex post facto principles by improperly calculating the fines.  If we conclude that contention is forfeited, however, he argues his counsel was ineffective for failing to object to the miscalculation at sentencing.

3

"A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws."  (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)  Thus, the applicable minimum amount of a restitution fine to be assessed is calculated as of the date of the offense.  (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.)  Here, the minimum statutory restitution fine in effect on the date of the offense in 2012 was $240, not $300.  Three hundred dollars was the minimum in effect at the time defendant was sentenced in 2014.  The parole revocation fine was statutorily required to be imposed in an amount equal to the restitution fine.  (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a).)

The Attorney General argues defendant forfeited his ex post facto argument by failing to object in the trial court.  We agree.  "[A] defendant's failure to object in the trial court to the imposition of a restitution fine constitutes a waiver of the right to complain thereof on appeal."  (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469.)  The forfeiture rule applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices."  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

In *Gibson* we considered the appeal of a restitution fine the defendant claimed he did not have the ability to pay.  (*People v. Gibson, supra*, 27 Cal.App.4th at p. 1467.)  In that case, we stated that "the need for orderly and efficient administration of the law -- i.e., considerations of judicial economy -- demand that defendant's failure to object in the trial court to imposition of the restitution fine should preclude him from contesting the fine on appeal."  (*Id*. at p. 1469.)  The same considerations apply in this case to defendant's arguments that the trial court failed to appreciate the full scope of its discretion and that the court violated ex post facto principles.  By failing to object on these grounds in the trial court, defendant forfeited his right to object and cannot raise the ex post facto claim.  (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189.)

4

Defendant nonetheless contends that if his ex post facto claim is forfeited, he was denied effective assistance of counsel based on the failure to object to the $300 fines. The Attorney General agrees.

To prevail on a claim of ineffective assistance of counsel, defendant must show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693-694, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." (*People v. Kelly* (1992) 1 Cal.4th 495, 520.)

Here, the trial court's statements indicated that it intended to impose the statutory minimum fines. But the trial court mistakenly believed the minimum fine was $300 when it was actually $240. Because defendant committed his crime in 2012, the minimum fine was $240. (§ 1202.4, subd. (b)(1); see *People v. Martinez, supra,* 226 Cal.App.4th at p. 1189.)

Defense counsel should have recognized the trial court's mistake regarding the applicable minimum fine and notified the court at sentencing (if not at the plea hearing). We can find no conceivable tactical explanation for defense counsel's failure to advise the court that the applicable minimum fine was $240 rather than $300. Counsel's failure to raise a meritorious objection as a result of ignorance or misunderstanding of the controlling law, rather than because of an informed tactical determination, constitutes deficient performance. (*In re Wilson* (1992) 3 Cal.4th 945, 955-956.)

Defense counsel's deficient representation prejudiced defendant because there is a reasonable probability that, but for counsel's failure to object, the trial court would have imposed fines in the amount of $240 rather than $300.

DISPOSITION

The judgment is modified to reduce the restitution fine and parole revocation fine from $300 to $240 each. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.[2] Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.

                                                            MAURO            , J.


We concur:


      HULL            , Acting P. J.


      DUARTE          , J.

---

[2] Business and Professions Code section 6086.7, subdivision (a)(2) requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney."

6