Filed 3/25/21  In re G.R. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re G.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>G.R.,<br><br>      Defendant and Appellant. | A160378<br><br>(Solano County<br>Super. Ct. No. J44967) |

Pursuant to a juvenile wardship petition filed on April 21, 2020, defendant G.R. entered no contest pleas to one count of violating Penal Code section 182, subdivision (a)(1), and one count of violating Penal Code[1] section 245, subdivision (a)(4).  He was adjudged a ward of the court, committed to juvenile hall for 227 days, and placed on probation with various conditions.

His counsel filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also informed defendant that he had the right to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

file a supplemental brief on his own behalf, but defendant declined to do so.  We conclude there are no meritorious issues and affirm.

## I.  BACKGROUND

On April 17, 2020, G.R., T.M., and two other minors agreed to "go hit the Target."  Later that day, at approximately 3:39 p.m., G.R. and T.M. entered a Target in Dublin, California wearing face masks and with pillowcases shoved down the front of their pants.  The minors jumped the pharmacy counter.  G.R. grabbed the right triceps of K.R., the pharmacy technician, pushed him into the pharmacy, and asked him the location of the safe.  After K.R. told G.R. he did not know the combination to the safe, G.R. and T.M. fled through the front door.  No weapons were seen, and nothing was taken.  K.R. was uninjured, but he could feel where G.R. had grabbed him.

Soon after, at approximately 4:50 p.m., G.R. and T.M. entered a CVS pharmacy in Danville, California.  Both were wearing surgical masks.  T.M. entered the restricted area behind the pharmacy counter, grabbed a pharmacy technician, J.G., from behind, and demanded she open the safe.  J.G. felt pressure on her lower back, which "felt like a hand," and feared it was a gun.  After J.G. told T.M. she didn't have the code for the safe, G.R. and T.M. fled through an emergency exit.  J.G. did not see G.R. until he and T.M. fled, but believed he had been waiting by a swinging door entrance located on the north side of the pharmacy counter.[2]  J.G. said she did not sustain any injuries, and declined medical attention.  Store employees recognized T.M. and G.R.

---

[2] The probation officer's report characterized G.R.'s role at the Danville CVS as that of a "look out."

2

as having been in the store earlier that day, and to them, it appeared T.M. and G.R. were casing the store.

Around 7:00 p.m. that day in nearby Walnut Creek, deputies conducted a high-risk stop of a vehicle containing G.R., T.M., and another minor. All three were arrested. No weapons were found, and G.R. was not driving the vehicle.

In an interview with the probation department, G.R. said he used marijuana once every two months, starting in January 2019; the last time he used was in February 2020. G.R. had completed 62 of 166 attempted high school credits, which put him at least two years behind in school. His attendance report showed between 30 and 43 unexcused absences. He said he did not like school and was often truant. He did, however, express a desire to earn his diploma and get a job. G.R. lived with his mother for the first 14 years of his life and was living with his father at the time of arrest. Family struggles had destabilized his living situation for the year leading up to his arrest. He had no prior criminal history, regretted his actions, and empathized with the victims.

On April 21, 2020, the People filed a juvenile wardship petition alleging G.R. had committed felony attempted second degree robbery under sections 211, 212.5, subdivision (c), and 664 (count 1), felony conspiracy to commit grand theft under section 182, subdivision (a)(1) (count 2), and misdemeanor assault likely to produce great bodily injury under section 245, subdivision (a)(4) (count 3). On May 14, 2020, G.R. pled no contest to counts 2 and 3, and the juvenile court dismissed the attempted second degree robbery charge. The court then

transferred the case to Solano County based on G.R.'s residence there with his father.

On June 22, 2020, the Solano County juvenile court adjudged G.R. a ward of the court. It ordered G.R. confined in juvenile hall for 227 days, 90 of which could be served on electronic monitoring in lieu of custody, with 81 days of credits. The court fashioned the sentence so that G.R. could "catch up" on his high school credits while in custody. Among other conditions, the court ordered him to perform 50 hours of volunteer work, pay a $100 restitution fine, attend school, submit to warrantless search, and refrain from using or possessing marijuana or other drugs.

## II.   DISCUSSION

Defendant's counsel filed a *Wende* brief, requesting that we independently review the record to determine whether it contains any arguable issues for appeal. Our review establishes that there are no meritorious issues to be argued.

The defendant was properly advised before pleading no contest to counts 2 and 3 of the petition, and there was a sufficient factual basis for his pleas. The conditions of probation were appropriate given the serious nature of G.R.'s criminal conduct and his admissions as to his truancy and drug use. (*People v. Lent* (1975) 15 Cal.3d 481, 486; *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118–1119.) Finally, there is no issue with respect to the court's imposition of a $100 restitution fine. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469 [failure to object to a restitution fine constitutes waiver].)

4

Having examined the record to ensure that defendant receives effective appellate review, we find no colorable error or basis for further briefing.  (*Wende, supra,* 25 Cal.3d 436.)

### III.    DISPOSITION

The judgment is affirmed.




BROWN, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*In re G.R.* (A160378)